SUSAN P. MOKUAI *et al. vs.* ISAAC HART KAPUNIAI.

IN EQUITY.    BEFORE JUDD, J.

APRIL, 1875.

In a suit for injunction against proceedings at law to enforce a judgment, held: that a bill in equity is an "action," and an alleged gift of lands "a contract for sale of lands," within the Statute of Frauds: and said gift being by parol, the bill must be dismissed.

DECISION OF JUDD, J.

The evidence in this case is mainly that taken in an action of ejectment brought by Isaac Hart Kapuniai against Kekupu, the

widow of Paihewa; see 3 Hawn., 560. In that case the defendant resisted the suit, and offered evidence to show the contents of a lost deed of gift of the premises in question from Kapuniai (now deceased), the present defendant's devisor, to Paihewa (now deceased), the present plaintiff's father, and under whom she claims. The Full Court found that the evidence in the former suit did not prove the deed. I am asked by the bill in this case to say that the same evidence establishes a transfer of the land by parol, and to enjoin the defendant from bringing any actions at law to dispossess the plaintiff.

The bill submits that it is immaterial whether the said grant was by parol or by deed.

I have carefully re-examined the evidence in the former case as well as the new testimony taken, and am no more convinced now than I was then that there was any transfer or alienation of the property in question from Kapuniai to Paihewa.

As stated in the decision in the former case, "the frequency with which the Hawaiian occupies the land of a near relative or friend and builds his house upon it without having any other right in the land than a mere permissive occupancy, takes away from such occupancy the significance that it might have in other communities."

The counsel for the defense raises an objection to the testimony as tending to show an oral gift of the land, and contends that it is inadmissible by our Statute of Frauds, which reads: "No action shall be brought or maintained upon any contract for the sale of lands, tenements or hereditaments, or of any interest in or concerning them, unless the promise, contract or agreement, upon which such actions shall be brought, or some memorandum or note thereof, shall be in writing, and be signed by the party to be charged therewith or by some person thereunto by him lawfully authorized."

I am of the opinion that a bill in equity is an "action;" and that the gift of the land sought to be established is a "promise, contract or agreement for the sale of lands," for though the consideration may have been "natural love and affection," yet

it is a contract which, if enforced, will result in effecting a verbal transfer of real estate without writing, which the statute forbids.

Browne Stat. Frauds, pp. 4 and 5.

*Carrington vs. Roots*, 2 Mees & W., 248.

The bill must, therefore, be dismissed; but, as the plaintiff's father many years ago built a house upon this land, and as it is testimony that it is not in a condition to be removed, an order of reference may be taken out to a Master of this Court to ascertain its value, and upon the coming in of his report a decree will be made adjudging the amount which the defendant must pay before the injunction to stay the execution in the suit of Isaac Hart Kapuniai *vs.* Kekupu be dissolved.

*A. S. Hartwell*, for plaintiffs.

*S. B. Dole*, for defendant.

Honolulu, April 1, 1875.