# PEOPLE'S ICE AND REFRIGERATING COMPANY *vs.* HAWAIIAN ELECTRIC COMPANY.

## APPEAL FROM COOPER, JUDGE.

HEARING, MARCH 28, 1894.            DECISION, MAY 29, 1894.

BICKERTON AND FREAR, JJ., AND CIRCUIT JUDGE WHITING, SIT-

TING IN PLACE OF JUDD, C.J., DISQUALIFIED.

The signature of the defendant alone, whether vendor or vendee, is sufficient under the provision of the statute of frauds which requires contracts for the sale of lands or any interest in them to be "signed by the party to be charged therewith."

Specific performance of such a contract consisting of a written offer signed by the defendant and orally accepted by the plaintiff will be enforced notwithstanding want of mutuality of remedy when the only reason why the plaintiff could not be held is because he has not signed.

This is an appeal from a decree ordering specific performance of an agreement for an exchange of leases. The defense is twofold, first, that there was no contract, and secondly, that the statute of frauds was not complied with.

Whether there was a contract or not depends upon whether the written offer of April 6, 1893, made by the defendant was accepted by the plaintiff. A few days after the receipt of the offer by the plaintiff corporation, its directors held a meeting and voted to accept it. Immediately after the meeting the plaintiff's manager, according to his own testimony, called upon the defendant's then president, and notified him orally that the offer was accepted by the plaintiff. The defendant's president does not remember this but admits that it may be true. A similar oral notice of acceptance appears to have been given a few weeks later by the plaintiff's secretary to the defendant's president, although there is some difference of opinion as to just what was said at that time. There is some evidence that on several subsequent occasions the defendant's president made statements to the plaintiff's officers tending to show that the former considered the contract closed and binding. But on one occasion in particular, as shown by the testimony of three of the plaintiff's officers, a meeting was held by these three officers, and two of defendant's officers, at the request of the latter, the object of which was to obtain a release from the contract, the reason for this being that the defendant had purchased or was about to purchase certain other property in fee simple upon which to erect its electric works, and therefore had no further use for the leasehold premises. The testimony of the plaintiff's officers, corroborated as it is by the conduct of defendant's officers, clearly establishes the contract. The doubt upon this question in the mind of defendant's president, who was the only witness for the defense, appears to have arisen from his idea that the acceptance must be in writing. Indeed, he himself goes so

far as to say that aside from the fact that he had received no written answer he believed until recently that the contract was binding.   This brings us to the second ground of defense which is that the statute of frauds required the contract to be signed by the plaintiff as well as by the defendant.

The statute requires the contract to " be signed by the party to be charged therewith." This can mean only the defendant, whether vendor or vendee, lessor or lessee.   By the expressed terms of the statute in a few of the United States, the contract must be signed by the party who is to make the conveyance, whether plaintiff or defendant.   But under our statute, as held almost uniformly under similar statutes elsewhere, unless the terms of the contract itself require the signature of both parties or of the one who afterwards becomes plaintiff, the signature of the defendant alone is sufficient, for he is the party to be charged.   There must be mutuality of contract, not necessarily mutuality of remedy. This is the rule at law, and in equity it is the same, so far as the statute of frauds is concerned, although as a rule in other cases equity will not grant relief in favor of one party if corresponding relief could not be given against him in favor of the other party.   See Reed, St. of Frauds, Secs. 359 et seq., and Browne, St. of Frauds, Secs. 365, 366, and cases there cited.

The  case  (Wilkinson  vs.  Heavenrich,  58  Mich.,   574) cited by counsel as holding that under a statute similar to ours, the contract must be signed by both parties does not appear to us to go so far.   Not one of the numerous authorities there cited by the court supports this view; several as recognized by the court support the contrary view ; others were decided under a statute which made the contract void (not merely unactionable) unless signed by the vendor (not party to be charged) ; but the greater number were based upon want of mutuality of contract irrespective of the statute of frauds.   Some of the language of the court, it is true, would seem to indicate that the court intended to hold that the signature of both parties

was requisite, but from the language as a whole from the actual facts of the case, and from the authorities chiefly relied on, it would seem that the decision was really based, or at least ought to have been, upon want of mutuality of contract rather than upon non-compliance with the statute. The defendants promised to pay for certain work, if it should be done, but the plaintiff did not promise to do it.   The defendants promised to pay in consideration of the performance of the work, not in consideration of the promise to perform it, and therefore they were at liberty to withdraw their offer at any time as to the future and were obliged to pay, as they did, only for the work already done.   See Reed St. of Fr. Sec. 363 ; Langdell, Cases on Contracts, Summary, Sec. 183 *et' seq.*

It is urged by counsel that the contract in the case at bar being for an exchange of leases differs from the contracts upon which other cases have been decided, in that each party must make a conveyance.   But the statute does not specify that the contract must be signed by the party who is to make the conveyance but only by the party to be charged, that is the defendant, whether vendor or vendee.   It was enacted for the benefit of a vendee as well as of a vendor, and was designed to protect either from being held as defendant except upon a contract the terms of which were fully set forth in writing and witnessed by his own signature.   Accordingly we find that specific performance is granted in favor of a vendor who has not signed as well as in favor of a vendee. *Seton vs. Slade*, 7 Ves. 275, and other cases cited in *Clason vs. Bailey*, 14 John., 488.

The disadvantage resulting from want of mutuality of remedy is not so great as might at first appear, for neither party will be compelled to perform until the other has performed or satisfied the court that he will perform.   See Reed, St. of Fr. Sec. 365.   But the disadvantage, such as it is,

results from the statute, which must be followed until altered by the legislature.

The decree appealed from is affirmed.

*Carter & Carter*, for the plaintiff.

*F. M. Hatch* and *Cecil Brown*, for defendant.