BROWNELL, Atty. Gen. v. SUEHIRO et al.

No. 13459.

United States Court of Appeals
Ninth Circuit.

Aug. 31, 1953.

Rehearing Denied Oct. 16, 1953.

Rowland F. Kirks, Asst. Atty. Gen., Director, Office of Alien Property Custodian, Washington, D. C., Leon R. Gross, Sp. Asst. to Atty. Gen., Honolulu, Hawaii, Albert William Barlow, U. S. Atty., Honolulu, Hawaii, Valentine C. Hammack, Sp. Asst. to Atty. Gen., San Francisco, Cal., James D. Hill, George B. Searls, Westley W. Silvian, Attys., Dept. of Justice, Washington, D. C., Percy Barshay, Atty., Dept. of Justice, Office of Alien Property Custodian, Washington, D. C., for appellant.

Harry R. Hewitt, Honolulu, Hawaii, Roger E. Brooks, Washington, D. C., for appellees.

Before DENMAN, Chief Judge, and BONE and ORR, Circuit Judges.

DENMAN, Chief Judge.

This is an appeal from a judgment of the United States District Court for the District of Hawaii.

The questions presented are: (1) whether there is sufficient evidence to support the findings of the trial judge; and (2) whether a written memorandum, written after the effective date of Executive Order No. 8389, may be considered as having the effect of taking an oral gift of real property out of the statute of frauds.

Charles I. Suehiro, Richard Yoshio Suehiro and Robert Kikuo Suehiro, United States citizens of Japanese ancestry, hereafter the Sons, filed suit in the court below under Section 9(a) of the Trading with the Enemy Act, 50 U.SC.A. Appendix, § 9(a), against the Attorney General for the recovery of certain real property located in Hawaii, together with all income from and accretions to said property, which has come into the possession and under the control of the Attorney General by virtue of a vesting order issued by him as successor to the Alien Property Custodian.

In 1941, Umetaro and Sumi Suehiro, parents of the Sons, hereafter the Parents,

were the owners in fee simple of the property in question. On March 13 of that year the Parents made an unconditional parol gift of the property in question to the Sons, and shortly thereafter left for Japan in order to obtain medical care for the father. The Parents, prior to their departure, intended to convey the legal title to the Sons by executing a deed of conveyance, and would have done so, but refrained therefrom solely because of the advice of the head of the Japanese travel agency that for the purpose of facilitating their return to Hawaii they should retain in their possession the recorded deed as a prima facie showing that they owned a home in Honolulu.

The Sons took over as their own and entered into full possession of the premises at or about the time of the gift, retained possession, paid taxes from January 1, 1941, collected rents for their own profit, and continued to live in their several homes in houses existing on the land, performing all these acts under claim of title. The trial judge also found that they had made substantial improvements upon the land, but an examination of the record shows that these improvements were made after the vesting order had issued and were made with the knowledge that if the vesting order were upheld, the improvements would be lost.

The district judge concluded that the Sons were entitled to the property, that the Attorney General had acquired but a bare legal title by the vesting order, and that the part performance by the Sons was sufficient to take the transfer out of the statute of frauds.

The Attorney General contends that the court erred in holding that the Sons had made a sufficient part performance to take the transfer out of the statute of frauds. The Hawaiian statute, Revised Laws of Hawaii, 1945, Ch. 166, § 8721, reads in part as follows:

"Sec. 8721. Certain contracts, when actionable. No action shall be brought and maintained * * *

* * * * * *

"4. Upon any contract for the sale of lands, tenements or hereditaments,

or of any interest in or concerning them;

\* \* \* \* \* \*

"Unless the promise, contract or agreement, upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and be signed by the party to be charged therewith, or by some person thereunto by him in writing lawfully authorized." ,

In Hawaii, an oral gift of land is a contract for the sale of lands for the purposes of this statute. Mokuai v. Kapuniai, 6 Haw. 160.

■ The Attorney General's claim is that there is no substantial evidence to support the trial court's findings that the Sons had made substantial improvements on the land. The evidence, apart from certain construction upon the land which will be discussed infra, shows only that the Sons had made ordinary repairs and had paid the taxes and insurance on the land. The total amount expended in this manner did not exceed the rental income received from rental properties thereon. As generally stated, in order to take a parol gift of land out of the statute, the improvements must be "valuable improvements \* \* \* of a permanent nature, and to such an extent as to render a revocation of the gift unjust, inequitable, and a fraud on the donee." 38 C.J.S., Gifts, § 57; page 844. The expenditures by the Sons on repairs, taxes and insurance were not of this character.

■ There was evidence adduced that in 1944 approximately $2,500. was expended in converting a workshop into living quarters and other improvements. These improvements were made after the vesting order and after the Sons had been advised thereof, and had further been advised that they would proceed with the improvements at their own risk. This is not sufficient to show that the donee, "induced by the promise to give it, has made valuable improvements on the property. Yee Hop v. Young Sak Cho, 25 Haw. 494, 500. Here the Sons were not "induced by the promise" to make the improvements since they knew that the successor to the donor did not intend to abide by that promise.

It thus appears that the evidence does not support the finding of the trial court that there was sufficient part performance to take the transfer out of the statute of frauds.

■ On August 8, 1951, the Parents wrote a letter to the Sons in which the following statements were made:

"\* \* \* I think that it is better to have the name of the house and land changed. Therefore, as this time Kozumi's boy goes back on August 16, we will send the *paper of land* by him. Therefore, receive it and immediately ask Attorney Higashihara to handle the matter . . .

"Ichiro (Charles), since it may be worrisome for you to divide, I shall show you a rough idea. Therefore, after that, do as you people deem best." (Emphasis supplied.)

The "paper of land" referred to is the deed of the land *to* the Parents. The Sons claim that this is a sufficient memorandum to satisfy the statute of frauds inasmuch as the memorandum need be signed only by the party to be charged. Peoples Ice and Refrigerating Co. v. Hawaiian Electric Co., 9 Haw. 434. There are no Hawaiian cases on the sufficiency of a memorandum to take a parol gift of land out of the statute of frauds. Thus, we must be guided by general law.

■ Generally speaking, a memorandum to be sufficient to take a transaction out of the statute of frauds must contain the following elements: (1) the names of the parties; (2) a document showing the terms and conditions of the transaction; and (3) a description of the property sufficient to render it capable of identification. 49 Am. Jur. 635. The first of these requirements as to the parties' names is clearly satisfied by the letter. The description of the property appears in the deed to the parents accompanying and referred to in the letter.

■ The second requirement as to a document showing the terms and condi-

tions of the gift has not been satisfied. None of the essential elements of a transaction required to be in writing by the statute of frauds can be supplied by parol evidence. Ochs v. Weil, 79 U.S.App.D.C. 84, 142 F.2d 758; White v. Southern Kraft Corporation, 8 Cir., 132 F.2d 381. The memorandum is insufficient to take the gift out of the statute of frauds.

The judgment of the district court is reversed with instructions to enter a judgment for the Attorney General.