## McAFEE
### v.
### CARGILL, Inc.
### No. 16566.

United States District Court
S. D. California,
Central Division.
May 21, 1954.

Jerome Weber, Los Angeles, Cal., for plaintiff.

Schell, Delamer & Loring, Los Angeles, Cal., for defendants.

HARRISON, District Judge.

The plaintiff in this case is the owner of "show dogs" which are alleged to have become sick after having been fed allegedly contaminated dog food processed by the defendant Nutrena Mills, Inc., a corporation. The complaint sets forth two causes of action, one in negligence and the other for breach of warranty. The food was not purchased by the plaintiff from the defendant, Nutrena Mills, Inc., but was purchased by him from a local retailer supplied by this defendant. Jurisdiction is based upon diversity of citizenship.

Defendant, Nutrena Mills, Inc. has made a motion to dismiss the second cause of action on the ground that failing to allege that privity existed between the parties, it fails to state a valid claim for relief.

The law to be applied in this case is the law of California. Erie Railroad Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. The general rule in this state is that an action based upon breach of warranty must be predicated upon "privity" and it has been held that no privity exists for this purpose where a subsequent purchaser, in no way a party to the original sale, sues the original seller. Burr v. Sherwin Williams Co., Cal.Sup.1954, 268 P.2d 1041. To this general rule however, the California courts have made an exception for cases involving the sale of foodstuffs. Klien v. Duchess Sandwich Co., 1939, 14 Cal.2d 272, 93 P.2d 799. The question present-

**6**

ed on this motion then is whether or not food intended for animal consumption comes within the exception made for foodstuffs.

The defendant contends that the exception is restricted to food intended for humans because the phrase "human consumption" is to be found in the opinion establishing it. Klien v. Duchess Sandwich Co., supra. I am of the opinion that this exception is not so restricted but applies to food intended for animal as well as human use.

It is of course the rule in a diversity case that the law of the state must be applied. This does not mean that because a state court has not passed on the precise question before the federal court, that the latter may not intelligently met new situations involving state law as they might arise. Rather it is the function of the federal courts in such a situation to examine such state law as does exist and from it attempt to achieve the same result as would be achieved by the courts of the state. Mutual Ben. Health & Accident Ass'n v. Cohen, 8 Cir., 1952, 194 F.2d 232.

Looking at the Klien case I find that although the phrase "human consumption" is to be found therein there is at the same time nothing there to indicate that foods intended for animal consumption are to be excluded from the exception. Moreover, since the case dealt with a food designed for human use it is only to be expected that the phrase "human consumption" should appear therein without that phrase having any significance beyond the factual situation being dealt with by the court using it. On the other hand, I find. that every reason which existed in that case for doing away with the requirement of privity also exists here. The same public policy considerations present for the protection of humans in the use of packaged and processed foods are also present where instead we deal with animals. The purpose of the Klien case was to do away with the requirement of privity where "foodstuffs" were concerned. In keeping

with this purpose I accordingly hold that foods intended for animal consumption come within the meaning of foodstuffs as used in that case.

This I feel would have been the same result had this case arisen in the state courts. See Guaranty Trust Co. of New York v. York, 1945, 326 U.S. 99, at page 109, 65 S.Ct. 1464, 89 L.Ed. 2079.

For the reasons herein stated the motion to dismiss is hereby denied and the defendant allowed twenty days to answer the second cause of action.