STERLING DRUG, Inc.,

v.

William Ernest ANDERSON et al.

COLGATE–PALMOLIVE COMPANY

v.

William Ernest ANDERSON et al.

LEVER BROTHERS COMPANY

v.

William Ernest ANDERSON et al.

Civ. Nos. 900, 905, 906.

United States District Court,
E. D. Tennessee, N. E. D.

Dec. 8, 1954.

**512**

Cox, Epps, Miller & Weller, Johnson City, Tenn., Rogers, Hoge & Hills, New York City, for plaintiffs.

Simmonds, Bowman & Herndon, Johnson City, Tenn., Morison, Murphy, Clapp & Abrams, Washington, D. C., for defendants.

ROBERT L. TAYLOR, District Judge.

A motion has been filed by defendants to remit plaintiffs to the state courts on questions relating to the Tennessee Fair Trade Law, Code, § 6770.1. Actions were commenced in the three cases for injunctive relief against the selling by defendants of certain of plaintiffs' trademark-bearing products below retail list prices furnished by plaintiffs. In case No. 900, plaintiff sues, also, for damages. The Sperry and Hutchinson Company intervened as a defendant for the reason that trading stamps furnished by this company allegedly were involved in the cut-rate practices of defendants, the litigation, therefore, being a threat to the intervenor's interests.

Certain defenses raised by the intervenor and other defendants involve questions of state constitutionality and validity of the state fair trade law. These are: That the state fair trade law violates Article I, secs. 8 and 22, and Article II, sec. 17, of the Constitution of Tennessee; that it is invalid because inconsistent with the state's anti-trust law, Code, § 5880; also, that it was invalid when enacted because inconsistent with the Sherman Anti-Trust Law, 15 U.S.C.A. § 1, and has not been reenacted since enactment of the McGuire Act, 15 U.S.C.A. § 45, which purported to cure the inconsistency in this and similar state acts. The state law is further objected to on the grounds that it goes beyond the police powers of the state and is an invalid delegation to private persons of state powers.

Questions raised by these defenses could be answered by reference to state court decisions, were any to be found. Except Frankfort Distillers Corp. v. Liberto, 190 Tenn. 478, 230 S.W.2d 971, which upheld the Tennessee Fair Trade Act as to art. I, sec. 22, the questions stated above have not been answered by the state courts in reported opinions. Other defenses raised are of federal, or of mixed state and federal character. As to the state's viewpoint on questions of mixed character, there is to be found no help in state court decisions. Questions purely federal in description are not considered in disposition of the motion to remit.

Motion to remit is construed by the Court to mean that further action on the merits and on federal questions should be stayed until the parties have had sufficient opportunity to commence appropriate proceedings in a state court looking to a decision of those questions which can be determined with finality only by the state's appellate courts. Commencement of such proceedings would then operate as a stay until their termination. If it should be held in the state courts that the state's fair trade act is invalid, that would be sufficient ground for dismissal of the cases here. But if the fair trade act should be upheld in the state courts, the actions here would then proceed.

A great number of decisions have been examined in an effort to discover a controlling principle, if any exists. It appears that there are no situations in which the federal court *must* remit the parties to the state courts. There are, however, a number of situations in which the federal court *should* so remit the parties, a duty that is regarded as so compelling as to amount, for all practical purposes, to a mandate. The problem arises only in those cases involving state law, or state action, and

questions of state law or constitutionality are presented which have not been adjudicated by the state courts.

A considerable number of decisions concern actions brought in federal court for relief *against* questionable state law, or some form of allegedly invalid state action. In such cases the practice has uniformly been to remit the parties to the state courts. See, as illustrative of this group, Alabama Public Service Commission v. Southern R. Co., 341 U.S. 341, 71 S.Ct. 762, 95 L.Ed. 1002; Shipman v. Du Pre, 339 U.S. 321, 70 S.Ct. 640, 94 L.Ed. 877; A. F. of L. v. Watson, 327 U.S. 582, 66 S.Ct. 761, 90 L.Ed. 873; Spector Motor Service v. McLaughlin, 323 U.S. 101, 65 S.Ct. 152, 89 L.Ed. 101; Railroad Commission of Texas v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971; City of Chicago v. Fieldcrest Dairies, 316 U.S. 168, 62 S.Ct. 986, 86 L.Ed. 1355.

Another group presents the opposite situation, namely, actions brought for relief *in accord with* state law, or state action. In these cases the practice has not been to remit the parties to the state courts. Illustrative of this group are, Meredith v. City of Winter Haven, 320 U.S. 228, 64 S.Ct. 7, 88 L.Ed. 9; Cohen, Friedlander & Martin Co. v. Massachusetts Mut. Life Ins. Co., 6 Cir., 166 F.2d 63; Campania Engraw Commercial E. Industrial S. A. v. Schenley Distillers Corp., 9 Cir., 181 F.2d 876; Janes v. Sackman Bros. Co., 2 Cir., 177 F.2d 928; Preston v. Aetna Life Ins. Co., 7 Cir., 174 F.2d 10; Brownell v. Suehiro, 9 Cir., 206 F.2d 892; Harlow v. Ryland, 8 Cir., 172 F.2d 784.

■ Whether the relief sought is against state action, or in accord with it, does not, however, present a clear line of demarcation between those cases where the parties are, and those where the parties are not, remitted to the state courts. Most of the cases cited in the last group would fall into a third classification, namely, those in which the parties *must not* be remitted to the state courts. This third group includes those cases where diversity exists and plaintiffs seek in the federal courts enforcement of some right arising under state law, common or statutory. Whether state law, or the right claimed, or the defense asserted, has been construed by the state courts is of no decisive consequence. In the absence of state case law in such cases, the federal courts will place their own construction upon the state statute, right, or matter of defense. In so doing, they will use what materials are available in an effort to decide as they anticipate the state courts would have decided. But they will not hesitate to reach a decision merely because unadjudicated questions of state law are involved. Following are but a few of the many cases that fall within this group. MacGregor v. State Mutual Life Assur. Co., 315 U.S. 280, 62 S.Ct. 607, 86 L.Ed. 846; Kentucky-Tennessee Light & Power Co. v. City of Paris, Tenn., 6 Cir., 48 F.2d 795; State of California, Department of Employment v. Fred S. Renauld & Co., 9 Cir., 179 F.2d 605; Meredith v. Board of Public Instruction, 5 Cir., 112 F.2d 914; Continental Casualty Co. v. Padgett, D.C., 123 F.Supp. 847; McAfee v. Cargill, Inc., D.C., 121 F.Supp. 5; Firemen's Ins. Co. of Newark, N. J. v. Chicago, St. P., M. & O. Ry. Co., D.C., 116 F.Supp. 929; Beck v. F. W. Woolworth F.Supp. 289; In re Michealson, D.C., 113 Co., D.C., 111 F.Supp. 824; Forsgren v. Gillioz, D.C., 110 F.Supp. 647.

■ Analysis of the cases points with considerable clarity to what may be regarded as controlling principles, or a controlling principle, on the question of whether the parties should be remitted, or must not be remitted to the state courts. Remitting of parties is not required by any statute or rule of comity, but is done in the exercise of the federal court's equity jurisdiction. If no equity relief is sought, no case exists for remission of the parties. Even in equity cases, the parties are remitted only in exceptional cases. In Meredith v. City of Winter Haven, 320 U.S. 228, at page 236, 64 S.Ct. 7, at page 12, 88 L.Ed. 9, the court mentioned six of the

exceptional cases, then added, "So too a federal court, adhering to the salutary policy of refraining from the unnecessary decision of constitutional questions, may stay proceedings before it, to enable the parties to litigate first in the state courts on questions of state law, decision of which is preliminary to, and may render unnecessary, decision of the constitutional questions presented."

 This is a discretion which resides in the federal court in cases where its equity jurisdiction is invoked and an exceptional situation is presented. While remitting is discretionary in theory, in practice it amounts to a mandate in the exceptional cases. Yet it is just as mandatory in an action at law for damages or enforcement of a legal right that the parties not be remitted. Even in a remitted case, the federal court does not foreclose itself from deciding the questions of state law. It merely stays its hand until the parties have had reasonable opportunity to have questions of state law adjudicated in the courts of the state. If they do not seasonably avail themselves of that opportunity, the federal court will proceed. It will proceed, also, on the very strong presumption that the state law is valid. Douglas v. New York, New Haven, & H. R. Co., 279 U.S. 377, 49 S.Ct. 355, 73 L.Ed. 747.

In the light of the foregoing, the case is one for remitting of the parties. Union Carbide & Carbon Corp. v. White River Distributors, Inc., D.C., 118 F. Supp. 541. The Court does not undertake to advise the parties as to how they shall proceed in the state courts, except to mention in passing that Tennessee has its Declaratory Judgments Act available to both plaintiffs and defendants. Code, sec. 8835 et seq. As plaintiffs are the parties seeking relief, they should have the first opportunity to institute the appropriate proceedings in the state courts.

Accordingly, plaintiffs should be allowed 30 days from entry of the companion order herein within which time to start the state proceedings. However, as defendants are the parties who insist that plaintiff should be remitted to the state courts as a means of testing the defenses raised by defendants, they should be allowed 15 days to commence appropriate proceedings following the 30-day period accorded plaintiffs, in the event plaintiffs do not avail themselves of the opportunity given them within their 30 days. Proceedings in this Court meanwhile should be stayed.

Let an order be prepared, accordingly.