**COUNTY UTILITIES CORPORATION,**
Plaintiff,

v.

**HAMPTON ROADS SANITATION DISTRICT, CITY OF VIRGINIA BEACH et al., Defendants.**

**KEMPSVILLE UTILITIES CORPORATION, Plaintiff,**

v.

**HAMPTON ROADS SANITATION DISTRICT, CITY OF VIRGINIA BEACH,**
et al., Defendants.

**Civ. A. Nos. 74–263–N, 74–266–N.**

United States District Court,
E. D. Virginia,
Norfolk Division.

Jan. 13, 1975.

E. Leslie Cox and Robert R. MacMillan, Norfolk, Va., for plaintiffs County Utilities Corp. & Kempsville Utilities Corp.

Joseph J. Lawler, Norfolk, Va., for Hampton Roads Sanitation Dist.

J. Dale Bimson, Virginia Beach, Va., T. S. Ellis, III, Richmond, Va., for City of Virginia Beach & Planning Comm. of the City of Virginia Beach.

Wayne Lustig, Norfolk, Va., for Housing Systems, Inc.

## MEMORANDUM ORDER

MacKENZIE, District Judge.

Beginning in the early 1960's, a number of Virginia counties, with an affirming nod from the State Legislature, were chartered as fully operative cities. Thus Norfolk County became the City of Chesapeake, Warwick County was totally absorbed by the City of Newport News, and the entire Princess Anne County, in a similar change of posture, on January 1, 1973, became the City of Virginia Beach.

Princess Anne County, in its essentially rural operation had no county-wide sewerage disposal system. In the more densely populated sections, private disposal companies, upon a properly supported application to the State Corporation Commission, were granted franchises in specifically described geographic areas of the county.

Thus Kempsville Utilities Corporation, a plaintiff, was granted a certificate of public convenience and necessity to operate a sewerage plant in a portion of Princess Anne County in 1959. County Utilities Corporation, a plaintiff, was likewise granted a similar franchise in 1960 covering a different area. Both of these franchises, granted by the State Corporation Commission under the applicable law thus were in effect before the January 1, 1963 charter date of the new City of Virginia Beach. Generally, since 1963, sewage disposal to the rapidly expanding population in the City is handled by the Hampton Roads Sanitation District, a public agency of the State of Virginia.

The presence in the City of Virginia Beach of the sewerage disposal plants holding franchises from the State Corporation Commission, on the one hand, and the Hampton Roads Sanitation District, a state agency, on the other, has led to conflicts, of which these consolidated cases represent at least one.

The complaints by Kempsville Utilities (Civil Action No. 74–266–N) and County Utilities (Civil Action No. 74–263–N) are essentially the same and are so treated in this Memorandum Order.

A Use Permit allowing the building of a townhouse subdivision, Parliament Village, was granted by an ordinance of the City of Virginia Beach in February, 1972. Parliament Village is apparently located within the franchise territory of Kempsville Utilities. The Director of Community Services for the City of Virginia Beach interprets the ordinance as requiring sewage facilities for Parliament Village to be connected to the sewerage mains of Hampton Roads Sanitation, and not Kempsville Utilities.

A Use Permit allowing the urban development of properties belonging to Birchwood Associates and London Bridge Properties, Inc., was granted by ordinances adopted by the City of Virginia Beach in February, 1972 and May, 1972. These real estate developments are located within the franchise territory of

County Utilities Corporation. The Director of Community Services for the City interprets the ordinances as requiring the sewerage facilities to be connected to the mains of Hampton Roads Sanitation District, and not County Utilities.

The complaints charge impairment of contract; confiscation without compensation; a conspiracy on the part of Virginia Beach Council and officers to eliminate the private sewerage companies; illegal action by the Director of Community Services; denial of due process and equal protection of the law; and other similar charges.

We conclude, however, that the problems at bar are in reality certain unsettled and probably dispositive issues of state law, to-wit, (1) the nature and extent of zoning authority vested in the City Council of the City of Virginia Beach; (2) the power of the City of Virginia Beach to enact and enforce Use Permits and restrictions relating to sewerage facilities on land within its municipal boundaries; (3) the construction of the language of the ordinances and Use Permits here involved; (4) the determination of the rights conferred by franchises granted by the State Corporation Commission to Kempsville and County Utilities; (5) the resolution of the conflict, if any, between the power of the City of Virginia Beach relating to land within its boundaries, on the one hand, and the power of the State Corporation Commission with reference to Kempsville and County Utilities, on the other; and lastly, (6) a fact finding as to the alleged conspiracy of city officials.

It is apparent that a determination of these essentially state issues will largely undo the constitutional problems which plaintiffs presage. The requirements of due process, equal protection of the laws and a prohibition against the impairment of contracts and the taking of private property without compensation are matters of state constitutional concern as well.

We believe as was stated by Judge Butzner in *Potomac Electric Power Company v. Fugate*, 275 F.Supp. 566 (E.D. Va.1967):

"[T]his court should abstain from adjudication while the parties afford the Virginia courts an opportunity to construe the state law applicable to this action." (At page 568.)

In *Meridian v. Southern Bell Tel. Co.*, 358 U.S. 639, 79 S.Ct. 455, 3 L.Ed.2d 562 (1959), the telephone company sought a declaratory judgment that a Mississippi statute relating to the use of public streets did not apply to it, and if it did, was in violation of both federal and state constitutions. The district court so held the statute to violate both constitutions. The Fifth Circuit affirmed. The Supreme Court vacated the judgment and remanded the case to the district court with directions, at 358 U.S. 640, 79 S. Ct. 456:

" * * * to hold the cause while the parties repair to a state tribunal for an authoritative declaration of applicable state law."

The Supreme Court added:

"Proper exercise of federal jurisdiction requires that controversies involving unsettled questions of state law be decided in the state tribunals preliminary to a federal court's consideration of the underlying federal constitutional questions. * * * That is especially desirable where the questions of state law are enmeshed with federal questions. * * * Here, the state law problems are delicate ones, the resolution of which is not without substantial difficulty—certainly for a federal court. * * * In such a case, when the state court's interpretation of the statute or evaluation of its validity under the state

constitution may obviate any need to consider its validity under the Federal Constitution, the federal court should hold its hand, lest it render a constitutional decision unnecessarily. * * * " (At pages 568, 569.)

These problems in zoning, Use Permits, sewage disposal and granting of franchises to sewerage facilities are matters which have surfaced as large, former rural areas have shifted overnight into urban communities with urban growing pains. They are essentially state oriented and should be state determined. To label them exclusively federal constitutional issues is a self service of the pleader. They may never reach such proportions. It is meet and just that this federal court defer action until competent Virginia state courts can pass upon them.

We find this to be the better reasoned authority in similar cases arising around the country. *See Louisiana Power & Light Co. v. City of Thidbodaux*, 360 U.S. 25, 79 S.Ct. 1070, 3 L.Ed.2d 1058 (1959); *County of Allegheny v. Frank Masuda Company*, 360 U.S. 185, 79 S.Ct. 1060, 3 L.Ed.2d 1163 (1959); *Fornaris v. Ridge Tool Co.*, 400 U.S. 41, 91 S.Ct. 156, 27 L.Ed.2d 174 (1970); *Askew v. Hargrave*, 401 U.S. 476, 91 S.Ct. 856, 28 L.Ed.2d 196 (1971); *Sterling Drug v. Anderson*, 127 F.Supp. 511 (E.D.Tenn. 1954); *Overhill Corporation v. City of Grand Junction*, 186 F.Supp. 69 (D.Col. 1960); *Hill v. City of El Paso, Texas*, 437 F.2d 352 (5th Cir. 1971); *Allegheny Airlines, Inc. v. Pennsylvania Pub. Util. Com'n.*, 319 F.Supp. 407 (E.D.Pa.1970), *cert. den.* 410 U.S. 943, 93 S.Ct. 1367, 35 L.Ed.2d 609 (1973); *Schenley Industries, Inc. v. N. J. Wine & Spirit Whole. Ass'n.*, 272 F.Supp. 872 (D.N.J.1967).

This court will retain these two cases upon its docket but will abstain from the exercise of further jurisdiction while the plaintiffs apply to the state courts for a declaration of state law.

It is so ordered.