**ATLANTIC RICHFIELD COMPANY Plaintiff-Appellant,**

v.

**UNITED STATES DEPARTMENT OF ENERGY Defendant-Appellee.**

No. 3–22.

Temporary Emergency Court of Appeals.

Argued Oct. 30, 1980.

Decided Dec. 30, 1980.

---

Richard A. Stephens, Los Angeles, Cal., with whom Cynthia L. Paulich and Richard C. Morse, Atlantic Richfield Company, Los Angeles, Cal., was on the brief for plaintiff-appellant.

Thomas H. Kemp, Washington, D. C., with whom Judith A. Mather, Dept. of Energy, Washington, D. C., was on the brief for defendant-appellee.

Before LARSON, BONSAL and PECK, Judges.

JOHN W. PECK, Judge.

Atlantic Richfield Company (ARCO) brought an action against the Department of Energy (DOE) seeking preliminary and permanent injunctions against the enforcement of 10 C.F.R. § 211.105(a)(3), the Interim Allocation Rule. ARCO alleged that this rule is invalid because of procedural defects in its promulgation, because of its failure to "maximize" objectives of the Emergency Petroleum Allocation Act, and

because the rule deprived ARCO of property without an opportunity to be heard, a violation of ARCO's rights under the Fifth Amendment to the United States Constitution.

■ The district court conducted a hearing on ARCO's application for a preliminary injunction and concluded that ARCO was unlikely to succeed on any of the procedural, statutory, or constitutional questions, and that no preliminary injunction could therefore be issued. The parties have subsequently begun discovery proceedings in preparation for a trial in the district court on the merits of ARCO's procedural and statutory claims for a permanent injunction. However, § 211(g) of the Economic Stabilization Act of 1970 denies the district court jurisdiction to render judgment on ARCO's constitutional challenge to the Interim Allocation Rule. Therefore, pursuant to § 211(c) of the Act, the district court examined ARCO's Fifth Amendment argument and ordered that issue certified to the Temporary Emergency Court of Appeals (TECA) as a substantial constitutional issue. Thus, while trial on ARCO's procedural and statutory arguments for permanent injunction is pending before the district court, ARCO is also a plaintiff before the TECA, sitting as a court of original jurisdiction, seeking a permanent injunction on constitutional grounds. Because it is the clearly established policy of the federal courts to decide constitutional issues only when necessary to the resolution of a controversy, we decline to decide ARCO's Fifth Amendment allegation at this time.

■ When a substantial constitutional issue is certified to the TECA, then the TECA must determine the appropriate manner of disposition of that issue. Economic Stabilization Act of 1970, § 211(c), at 12 U.S.C. § 1904. Appropriate disposition may include a determination that the TECA consider the entire case, including the nonconstitutional issues presented for litigation. *Id.* Whether the TECA should limit its consideration to only the certified issue or should consider all issues presented by the case must be answered on a case-by-case basis, with due consideration to the fact that the TECA is not well equipped to conduct extensive evidentiary hearings. *United States v. Ohio*, 487 F.2d 936, 938 (Em.App.1973). Thus the TECA has decided not only a certified constitutional issue, but also other nonconstitutional issues in cases where the facts were not in dispute, *id.*, or where the record developed by the district court was complete, *Condor Operating Company v. Sawhill*, 514 F.2d 351, 354 (Em.App.1975).

Section 211(c) contemplates a situation in which the TECA would allow a nonconstitutional issue properly before the district court to remain before that court while the TECA decided a certified constitutional issue. The TECA would then remand the constitutional issue to the district court, with binding instructions, for disposition of the entire case. While ARCO may have had this scenario in mind when the present action was initiated before the TECA, the federal courts' strong policy of restraint in deciding constitutional questions militates against the adoption of that procedure here.

■ "[A] federal court should not decide federal constitutional questions where a dispositive nonconstitutional ground is available." *Hagans v. Lavine*, 415 U.S. 528, 547, 94 S.Ct. 1372, 1384, 39 L.Ed.2d 577 (1974). This doctrine is so deeply rooted in the process of constitutional adjudication that federal courts should only reach constitutional questions when they cannot avoid doing so. *Spector Motor Co. v. McLaughlin*, 323 U.S. 101, 105, 65 S.Ct. 152, 154, 89 L.Ed. 101 (1944). Thus, whenever statutory or other nonconstitutional grounds might resolve a case, federal courts must address those issues first. *New York Transit Authority v. Beazer*, 440 U.S. 568, 582, 99 S.Ct. 1355, 1364, 59 L.Ed.2d 587 (1978). Indeed, the rule of restraint even operates when a nonconstitutional ground is not presented by the parties, but is first noticed by a reviewing court. In such instances the reviewing court will decide the nonconstitutional issue, remanding the cause if necessary, rather than deciding a constitutional issue needlessly. *See, e.g., Rosenberg v.*

*Fleuti*, 374 U.S. 449, 83 S.Ct. 1804, 10 L.Ed.2d 1000 (1963). This rule of restraint should not be abandoned unless some special circumstances make it necessary to decide a constitutional question in advance of deciding nonconstitutional issues. *See, e.g., Hutchinson v. Proxmire*, 443 U.S. 111, 122, 99 S.Ct. 2675, 2681, 61 L.Ed.2d 411 (1978).

█ The fact that two different federal courts may be involved in determining the nonconstitutional and the constitutional issues of a single case does not of itself provide justification for abandoning the rule of restraint. If both the nonconstitutional and constitutional questions of this case could be tried in the district court, then that court would be constrained to decide the procedural and statutory issues before reaching the Fifth Amendment issue. The fact that the constitutional question is reserved to the TECA does not alter this chronology. If ARCO fails to obtain the relief that it seeks on nonconstitutional grounds, then TECA will address the constitutional issue. Not only is this process in accord with the federal courts' duty to reach constitutional issues only when necessary to a decision, but it also better serves judicial economy. In the event that ARCO finds it necessary to pursue its constitutional argument after decision on the nonconstitutional issues, it can at that time present to the TECA any proper questions on appeal from the district court's decision. *See, e.g., Condor Operating Company v. Sawhill*, 514 F.2d 351 (Em.App.1975) (wherein the TECA considered nonconstitutional issues already decided by the district court, found the court's statutory interpretation to be erroneous, and then considered a certified constitutional challenge to a Federal Energy Administration remedial order).

In oral argument ARCO suggested that the TECA should proceed to a decision on ARCO's Fifth Amendment issue because the district court has already indicated that it will be likely to find against ARCO on its nonconstitutional arguments. This argument does not persuade this court to abandon the doctrine of restraint in deciding constitutional questions. First, it cannot be said that the district court's finding on the motion for preliminary injunction that ARCO will be unlikely to succeed on the merits necessarily means that the court will in fact find against ARCO once a full proceeding on the merits has been conducted. It remains possible that ARCO will prevail on one of its statutory or procedural arguments and thus make decision on the constitutional issue unnecessary. Second, if the district court does find against ARCO on the nonconstitutional arguments, then this court might still decide to reverse that finding on appeal. In that event decision on the constitutional issue would again be unnecessary.

█ For the reasons set forth above we defer our determination of the constitutional question until resolution of the issues pending in the district court. We have considered our option under § 211(c) of the Economic Stabilization Act of having the entire case sent to the TECA. We have rejected this approach because discovery proceedings have begun in the district court, and because we believe that the district court is better suited to determine the factual issues presented.

That portion of the district court order certifying the constitutional question to the TECA is vacated and the cause is remanded. In the event that decision on the constitutional issue is made necessary by a failure of ARCO to obtain relief in the district court on nonconstitutional grounds, then the district court may recertify that issue to the TECA.