The CRUDE COMPANY,
Plaintiff–Appellant,

v.

UNITED STATES DEPARTMENT OF ENERGY; and James D. Watkins, in his official capacity as Secretary of Energy, Defendants–Appellees.

No. DC–115.

Temporary Emergency Court of Appeals.

Argued April 26, 1991.

Decided July 5, 1991.

Rehearing and Rehearing En Banc Denied Aug. 27, 1991.

Robert L. Weinberg, Williams & Connolly, Washington, D.C., with whom William M. Wiltshire, of the same firm, and Raymond J. Batla, Jr., Hogan & Hartson, Washington, D.C., were on the brief for plaintiff-appellant.

Joseph W. Lobue, U.S. Dept. of Justice, Washington, D.C., with whom Thomas W. Millet, Dennis G. Linder, Jay B. Stevens, and Stuart M. Gerson, of the same agency, were on the brief for defendants-appellees.

Before CHRISTENSEN, DAUGHERTY and BROWN, JJ.

WESLEY E. BROWN, Judge:

In this case, plaintiff-appellant The Crude Company ("TCC") asks us to determine whether the district court erred by denying TCC's motion to certify a constitutional issue to this court under Section 211(c) of the Economic Stabilization Act ("ESA"), 12 U.S.C. § 1904 note.[1] Section

---

1. Jurisdiction is founded upon § 211(c) of the ESA, which is incorporated by reference in 15 U.S.C. § 754(a) of the Emergency Petroleum

211(c) provides in part that in any action commenced under the ESA in any district court of the United States "in which the court determines that a substantial constitutional issue exists, the court shall certify such issue to the Temporary Emergency Court of Appeals." The district court here did not determine whether the plaintiff had raised a substantial constitutional issue, finding instead that the action was premature because appellant had not exhausted its administrative remedies within the Department of Energy. Consequently, the district court dismissed the action without prejudice.

### I. *Issues on Appeal.*

Appellant raises two issues on appeal. First, TCC argues that under § 211(c) the district court's authority was limited to certifying the constitutional issue to this court. TCC believes that § 211(c) did not permit the district court to refuse certification on the grounds that TCC had not exhausted its administrative remedies. Second, TCC contends that even if the exhaustion doctrine could be properly considered, it should not have barred certification of the constitutional issues in this case. We find that the merits of the plaintiff's constitutional arguments are not ripe for judicial review because TCC has not exhausted its administrative remedies. We therefore affirm the judgment of the district court.

### II. *Case History.*

In December of 1986, the enforcement section of the Department of Energy issued a Proposed Remedial Order ("PRO") against appellant and a company called Southwestern Refining Company, Inc. ("SRCI"). The PRO alleged that in 1977 SRCI erroneously claimed small refiner bias entitlements under allocation and price regulations issued pursuant to the Emergency Petroleum Allocation Act of 1973, 15 U.S.C. § 751 *et seq.* The proposed order concerned 613,270 barrels of oil processed in 1977 under an agreement between SRCI and appellant. According to the PRO, under this agreement appellant purported to transfer legal title to this oil to SRCI, although in fact appellant retained all incidents of ownership over the oil. SRCI's only function was to file forms with the DOE showing that it had processed the inflated amount of oil reflected in the arrangement with TCC. The PRO asserted that through this scheme, SRCI was able to improperly obtain small refiner bias entitlements which it provided to appellant to sell.

The PRO initially alleged that appellant was liable on the basis that it was engaged in a joint venture with SRCI. After appellant asserted that the elements of a joint venture had not been shown, the PRO was amended to allege that TCC was an "animating force" in the filing of erroneous Refiner Monthly Reports by SRCI and, as such, was liable for violating the regulations. Subsequent to the amendment just described, appellant brought an action in the U.S. District Court seeking a judgment declaring that the administrative action against TCC violated Article III and the Seventh Amendment to the Constitution. Appellant asserted that the DOE's "animating force" theory was based upon common law principles of tort and agency law which could only be adjudicated by an Article III tribunal. Appellant maintained that it had a right to a jury trial on the issues raised because DOE was in fact seeking money damages for appellant's alleged violations.

Appellant filed a motion to have these constitutional issues certified to the Temporary Emergency Court of Appeals pursuant to § 211(c) of the ESA. The district court denied the motion, characterizing it as an attempt to bypass the administrative process. The court noted that the ESA provided for judicial review after a final agency determination. The court observed that appellant could request clarification of any constitutional issues to TECA at that time and concluded that the general rule requiring exhaustion of administrative remedies prior to judicial review prevented consideration of the constitutional questions.

Allocation Act of 1973 ("EPAA"), 15 U.S.C. § 751 *et seq.*

### III. *Discussion.*

■ It is unnecessary in this case for us to determine whether the district court exceeded its authority under § 211(c). Even if the district court was without authority under that statute to consider the exhaustion doctrine, this court undoubtedly has the authority to do so. Because we find that appellant's claims are not ripe for judicial determination and that any ruling on the merits of the constitutional issues must wait until after the administrative process has been exhausted, we regard as harmless any error on the part of the district court in refusing to certify the issues to this court.

The doctrine of exhaustion of administrative remedies has been consistently applied in cases arising under the EPAA. *MGPC, Inc. v. Department of Energy*, 673 F.2d 1277, 1283 (Temp.Emer.Ct.App.1982). The doctrine is generally summarized as follows: "In the absence of exceptional circumstances ... a party may not maintain judicial action to secure relief from a supposed or threatened injury by administrative action until the available and prescribed remedies have been exhausted." *Missouri Terminal Oil Co. v. Edwards*, 659 F.2d 139, 145 (Temp.Emer.Ct.App.1981) (citing *Hawthorne Oil & Gas Corporation v. Department of Energy*, 647 F.2d 1107, 1113 (Temp.Emer.Ct.App.1981)). In *McKart v. United States*, 395 U.S. 185, 193–95, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969), the Supreme Court counseled against the premature interruption of the administrative process. The Court explained that the agency is created for the purpose of applying a statute in the first instance and should normally be allowed to develop the factual record and apply its discretion or expertise. *Id.* at 194, 89 S.Ct. at 1662–63. It is generally more efficient to allow the administrative process to go forward than it is to allow the parties to seek aid from the courts at various intermediate stages. *Id.* Premature intervention by the courts also raises concerns regarding separation of powers since the agency is created by Congress and vested with authority to exercise its discretion. Also, judicial review will be hindered when (as in this case) the litigant has not allowed the agency to develop the record to show the reasons for the agency's action. Moreover, practical notions of judicial efficiency come into play as well. A party may be successful in vindicating his rights through the administrative process, making it unnecessary for the court to intervene. *Id.* at 195, 89 S.Ct. at 1663. Exhaustion of administrative remedies allows the agency a chance to discover and correct its own errors. Finally, routine bypassing of the administrative process could weaken the agency and encourage people to ignore its procedures. *Id.*

■ Appellant contends that judicial review is nevertheless warranted here because Congress intended § 211(c) to be used as a vehicle for the swift resolution of disputed constitutional issues. Appellant is correct in asserting that the judicial review provisions of the ESA were designed to ensure prompt and consistent decisions. Section 211(c) in fact promotes these interests by having TECA, rather than the district court, determine the merits of constitutional claims in the first instance. We see nothing in the language or history of § 211(c), however, to suggest that Congress intended this provision to override the well-established doctrine of exhaustion of administrative remedies or the fundamental policy that federal courts will not exercise the judicial power when presented with a case in which the issues are not ripe for determination.

It is clear that the exhaustion requirement should be applied in this case. All of the interests identified by the Supreme Court in *McKart* would be served by exhaustion of the administrative process. We would undermine the very purpose of the administrative process if we were to intervene before the agency has made an initial determination as to appellant's comportment with DOE regulations. Although appellant contends that DOE is attempting to hold it liable on a common law theory not authorized by the regulations, the DOE asserts that it is only proceeding on the theory that appellant directly violated the

mandatory petroleum price regulations.[2] At this point, we can only speculate as to whether appellant will ultimately be found liable by OHA and, if so, upon what basis. It would be unwise, if not impossible, to determine the merits of a controversy that has not yet crystallized and that may in fact be resolved through the administrative process. *Cf. Abbott Laboratories v. Gardner*, 387 U.S. 136, 148, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967) ("Without undertaking to survey the intricacies of the ripeness doctrine it is fair to say that its basic rationale is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.") Concerns over premature judicial action are even more acute when a litigant seeks to raise constitutional issues. It is a fundamental principle of constitutional adjudication that courts should reach constitutional issues only when they cannot avoid doing so. *Atlantic Richfield Co. v. Department of Energy*, 683 F.2d 410, 412 (Temp.Emer. Ct.App. 1980). This "rule of restraint" is appropriately applied in the instant case because appellant's constitutional arguments presuppose the factual and legal basis of a DOE determination that has yet to be made.

Although the courts have recognized numerous exceptions to the exhaustion requirement, we find no circumstances here that would warrant bypassing the administrative process. We cannot agree with appellant that it would be futile to pursue administrative remedies. Appellant may prevail within the agency on its argument that its conduct did not violate the regulations. Appellant can assert in the administrative proceeding the argument that TCC

was not subject to the regulations in question. The issues pressed by appellant here, however, do not require judicial action unless and until DOE finds appellant to be liable and appellant exhausts the procedures set up for review of agency decisions. Appellant also contends that exhaustion should not be required because DOE's assertion of jurisdiction violates a clear constitutional directive. As yet, however, the agency has made no determination of the facts and circumstances that it contends demonstrate a violation of the regulations by TCC. It has made no ruling as to the manner in which TCC may have violated the regulations nor has it determined an appropriate remedy for the alleged violations. In sum, the record is too inadequate for this court to make any determination with regard to the constitutional arguments presented by appellant. *See City of New York v. New York Telephone Company*, 468 F.2d 1401, 1403 (Temp. Emer.Ct.App.1972) ("Judicial review is surely hindered by the failure of the litigant to give the agency an opportunity to make a factual record, exercise its discretion or apply its expertise.")

### IV. *Conclusion.*

The judgment of the district court is AFFIRMED.

---

**2.** The DOE states in its brief that the conduct of TCC violated 10 C.F.R. § 205.202, which provides: "Any practice that circumvents or contravenes or results in a circumvention or contravention of the requirements of any provision of this chapter or any order issued pursuant thereto is a violation of the DOE regulations stated in this chapter."

The DOE conceded at oral argument that some "unfortunate language" in one of its motions gave the impression that it was attempting to hold TCC liable based upon common law tort principles. DOE states that this is not the case, however.