## AGNES H. WALSH, CHARLES BIRNBAUM and ISADORE BIRNBAUM

### vs.

## CITY OF BRIDGEPORT

Superior Court     Fairfield County     File #44149

Present: Hon. CARL FOSTER, Judge.

David S. Day;
John T. L. Hubbard;     Attorneys for the Plaintiff.

David Goldstein,     Attorney for the Defendant.

### MEMORANDUM FILED

FOSTER, J. In January, 1934, the City of Bridgeport faced a financial emergency. It appeared that the anticipated revenues of the city for the fiscal year ending April 1, 1934, would be about $868,000 less than the expenditures of the city for that period. The duly constituted officers of the city in January, 1934, laid a special tax of three mills upon each dollar of taxable property in the First Taxable District of the city and 1.6 mills in the Second Taxable District, payable February 1, 1934.

On January 30, 1934, this action was instituted by three residents and taxpayers of the city, claiming a declaratory judgment that the tax as laid was illegal and void and also claiming that the tax collector be enjoined from collecting the tax. A motion for a temporary injunction was made by the plaintiffs and was heard and denied by the court (John Richards Booth, J.).

The case was heard by this court upon issues joined in February, 1935, a year after the tax was due and payable. At the trial it appeared in evidence that ninety per cent of the tax had been collected. On April 30, 1935, there became effective an Act of the Legislature of the State validating in some respects some possibly invalid acts of the officers of the City in laying the tax.

I concur with the general trend of the decisions of this State that no court should step aside from the determination

of any question of law or fact presented. I am strongly of the opinion, however, that no court should create disaster and uncertainty by a decision, if such result can be avoided.

Here are three taxpayers attempting to have declared invalid a tax paid by more than ninety per cent of the taxpayers of the City. And to do so, they come into a Court of Equity.

An injunction does not lie against the exercise of the power of taxation unless some special reason be shown for equitable interference. In administering this form of relief personal consequences to the immediate parties should be carefully distinguishable from those which result to the public. No great mischief can result from enjoining the collection of the tax which is illegal or injurious in some particular affecting only a single taxpayer; but where to adjudge it illegal would be to defeat the whole levy or assessment, the Court should act with extreme caution, lest, in according relief to one or several individuals, all of the operations of the Government would be embarrassed by arresting the only supply of revenue. No Court of equity will, therefore, allow its injunction to issue to restrain the collection of the tax, except where it may be necessary to protect the rights of the citizen whose property is taxed from irreparable injury, and when he has no adequate remedy by the process of law. **New London vs. Perkins, 87 Conn. 229, 234.**

An examination of the evidence, the charter of the City of Bridgeport and the decisions interpreting the charter cannot but lead to the conclusion that the officers of the City in laying the tax acted hastily and without studious consideration of the charter and the law. It may well be concluded that in several respects they did not use that care that the important duty of taxation makes imperative.

The result of declaring this tax void would be so far reaching and would raise so many uncertainties that I am of the opinion that it is the duty of a Court of Equity to go so far as possible under the law to avoid such results, even though the decision be based upon purely technical grounds, rather than a consideration of the merits of the questions raised.

Our rules of practice provide, "The Superior Court will not render declaratory judgments . . . unless all persons having an interest in the subject matter of the complaint are parties to the action or have reasonable notice thereof". **Practice**

Act, Section 250 (d). All of the taxpayers of Bridgeport have the same interest in the questions here presented, but only three are parties.

I hold that the Superior Court will not render a declaratory judgment in this case.

As to the prayer for injunction, the plaintiffs come into a Court of Equity. Over 90 per cent of the taxpayers have paid the tax. Though the methods of laying the tax are glaringly subject to criticism, the result is reasonably fair. To grant the injunction in favor of these plaintiffs would be to give them an advantage over all those who, recognizing the emergency faced by the municipal officers, acted as loyal citizens and paid the tax.

The issues are found in favor of the defendant. No costs will be taxed in favor of any party in this action.