**In re PSYCHIATRIC HOSPITALS OF FLORIDA INC., d/b/a Horizon Hospital, Debtor.**

**Bankruptcy No. 95–2531–8P1.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

April 28, 1997.

John K. Olson, Stearns Weaver, Tampa, FL, for Health Care REIT, Inc.

Sarah Richardson, Senior Asst. Cty. Atty., B. Norris Rickey, Asst. Cty. Atty., Clearwater, FL, for W. Fred Petty.

Sara Kistler, Asst. U.S. Trustee, Tampa, FL.

Richard C. Prosser, Stichter, Riedel, Blain & Prosser, Tampa, FL, for Debtor.

Michael C. Markham, Johnson Blakely, Clearwater, FL, for Rick Wheeler.

Charles M. Tatelbaum, Johnson Blakely, Clearwater, FL, for Jim Smith.

## ORDER ON MOTIONS FOR SUMMARY JUDGMENT ON DEBTOR'S MOTION TO DETERMINE TAX LIABILITY

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a yet to be confirmed Chapter 11 case filed by Psychiatric Hospitals of Florida, Inc., d/b/a Horizon Hospital (Debtor). The immediate matter under consideration is the Debtor's Motion to Determine Tax Liability pursuant to Section 505 of the Bankruptcy Code and Motions for Summary Judgment on the same filed by the Pinellas County Tax Collector and the Pinellas County Property Appraiser. The taxes under consideration are ad valorem and non–ad valorem taxes assessed by Pinellas County for the 1993, 1994, 1995, and 1996 tax years. The Debtor, in its Motion, contends that the amount of taxes are incorrect because they are based on an incorrect valuation of the property, subject to the taxes. Based on the foregoing, the Debtor contends that it is entitled to a revaluation of the property and, in turn, a reduction of the Debtor's tax liability.

In due course, the Pinellas County Tax Collector filed a Motion to Dismiss the Debtor's Motion to Determine Tax Liability. In his Motion, the Tax Collector contended that, pursuant to Florida Statute § 197.332, the Tax Collector is mandated to bill and collect the amount of taxes levied by the county based on the certified tax roll. Accordingly, the Tax Collector contended that he has no statutory authority to alter the assessments or, to change the tax rolls. Additionally, the Tax Collector contended that the real party of interest is the Property Appraiser, not the Tax Collector, and since the Debtor has failed to name the Property Appraiser, an indispensable party, this Court should deny the Debtor's Motion. On January 30, 1997, however, the Debtor filed a response to the Tax Collector's Motion to Dismiss contending

that the failure to serve the Property Appraiser was an oversight and that this defect has been cured, as the Property Appraiser has been served.

On January 29, 1997, the Pinellas County Property Appraiser filed his Motion to Dismiss. In his Motion, the Property Appraiser contended that the Motion filed by the Debtor is, in effect, an action to determine the extent of the lien or other interest in property and, as such, it was procedurally improper because such an action could only be brought by instituting an adversary proceeding. Additionally, the Property Appraiser contended that the Debtor failed to join an indispensable party, the State of Florida, Department of Revenue. Moreover, according to the Property Appraiser, the Debtor's Motion seeks to have this Court act in constitutional violation of the sovereign immunity of the State of Florida (sic), Pinellas County, and Jim Smith, Property Appraiser. Based on the foregoing, the Property Appraiser sought dismissal (sic) of the Debtor's Motion to Determine Tax Liability, i.e. a denial of the Motion.

On February 4, 1997, the Tax Collector filed a renewed Motion to Dismiss the Debtor's Motion to Determine Tax Liability. The Tax Collector's Motion merely repeated the grounds for dismissal set forth in the Property Appraiser's Motion. On March 12, 1997, this Court held a pretrial conference in order to consider all pending Motions, particularly the Motions to Dismiss filed by the Tax Collector and the Property Appraiser. This Court heard arguments by the respective parties and denied the Motions filed by the Property Appraiser and the Tax Collector, without prejudice, and rescheduled the pretrial conference to hear arguments on any motions for summary judgment which may be filed by the parties on or before March 14, 1997.

On March 14, 1997, the Tax Collector and the Property Appraiser, separately filed respective Motions for Summary Judgment. Both parties contend in their respective motions that there are no genuine issues of material fact and they are entitled to judgment as a matter of law. In support of this proposition, both the Tax Collector and the Property Appraiser contend that the Motion filed by the Debtor is, in fact, a suit against the State of Florida which is barred by the 11th Amendment to the United States Constitution. Therefore, the Debtor's Motion should be denied with prejudice.

■ Ordinarily, in light of the constitutional challenge to the Motion under consideration, the initial inquiry would be addressed to the impact of the decision of the United States Supreme Court in *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996), on the Debtor's right to seek a determination of the Debtor's tax liability. However, when one considers the Office of the Tax Collector and his duties, and the Office of the Property Appraiser, it is evident that it is unnecessary to consider the applicability of *Seminole Tribe* to the Motion based on 11 U.S.C. § 505 as it relates to the Tax Collector. This is so because of the well established constitutional doctrine that Federal courts should not pass on a constitutional question, if it is fairly possible to decide the matter under consideration without considering the constitutionality of the statute involved. *See Zobrest v. Catalina Foothills Sch. Dist.*, 509 U.S. 1, 7, 113 S.Ct. 2462, 2465–66, 125 L.Ed.2d 1 (1993); *Lyng v. Northwest Indian Cemetery Protective Assn.*, 485 U.S. 439, 445, 108 S.Ct. 1319, 1323, 99 L.Ed.2d 534 (1988) ("A fundamental and long standing principle of judicial restraint requires that the courts avoid reaching constitutional questions in advance of the necessity of deciding them."); *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 99, 101 S.Ct. 2193, 2199, 68 L.Ed.2d 693 (1981) ("Prior to reaching any constitutional questions, federal courts must consider nonconstitutional grounds for decision."); *Spector Motor Service v. McLaughlin*, 323 U.S. 101, 105, 65 S.Ct. 152, 154, 89 L.Ed. 101 (1944) ("If there is one doctrine more deeply rooted than any other in the process of constitutional adjudication, it is that we ought not to pass on questions of constitutionality . . . unless such adjudication is unavoidable.").

## CLAIM AGAINST THE TAX COLLECTOR

■ Article VIII, Section 1(d) of the Florida Constitution establishes the Tax Collec-

tor's office and Florida Statute § 192.001(4) defines that office. Section 192.001(4), Florida Statutes provides that the Tax Collector is a county officer charged with the collection of ad valorem taxes levied by the County, the School Board, any Special Taxing District within the county, and any Municipality within the county. *See* Fla. Stat. § 192.001 (1995). The foregoing leaves no doubt that the Tax Collector's role includes nothing more than collecting taxes levied by the county and that the Tax Collector has no authority to determine the value of property on which taxes are levied.

■ The Debtor's Motion seeks a revaluation of its property and, in turn, a reduction in the ad valorem taxes encumbering the property. There is no question that this Court lacks the power to order the Tax Collector to perform a task which he has no statutory authority to perform. The Motion filed by the Debtor does not seek an injunction prohibiting the Tax Collector from collecting the taxes in question. Even assuming that the Motion may be construed to seek such, this cannot be granted for the simple reason that the procedure for injunctive relief is an adversary proceeding and cannot be obtained by filing a motion.

■ In light of the foregoing, inasmuch as no relief can be granted against the Tax Collector, it is unnecessary to consider the applicability of *Seminole Tribe* to the Debtor's Motion as it relates to the Tax Collector. *See Zobrest, supra.* Thus, the Tax Collector's Motion for Summary Judgment should be granted and the Debtor's Motion to Determine Tax Liability should be denied as to the Tax Collector.

### CLAIM AGAINST THE PROPERTY APPRAISER

■ This leaves for consideration the Motion for Summary Judgment filed by the Pinellas County Property Appraiser, who also contends that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law. This proposition is based on the Property Appraiser's contention that the Motion filed by the Debtor against the Property Appraiser is, in effect, an action against the State of Florida

and a constitutional officer of the State and that, under *Seminole Tribe,* the 11th Amendment bars any action against the Property Appraiser, a constitutional officer of the state.

The Office of the Property Appraiser is established by Article VIII, Section 1(d) of the Florida Constitution. Under Florida Statute § 194.011, it is the duty of the Property Appraiser to file its appraisal of all properties subject to ad valorem taxes in the county. Florida Statutes § 194.011 requires that each taxpayer whose property is subject to real or tangible ad valorem taxes shall be notified of the assessment. Any taxpayer who objects to the assessed value may request the Property Appraiser to informally confer with the taxpayer. Fla. Stat. § 194.011(2). In the event the taxpayer is dissatisfied with the determination, the taxpayer is authorized to file a petition with the Property Appraisal Adjustment Board established by Florida Statutes § 194.015. Florida Statutes § 194.036 provides for a procedure to appeal the determination by the Board. Florida Statutes § 194.171 provides for a judicial review of the determination by the Board as to the value of the assessed property. This statute requires that the action shall be brought in the Circuit Court of the County in which the property is located. Fla. Stat. § 194.171(1). No action shall be brought after 60 days from the date of the assessment, which is contested and certified for collection, or after 60 days from the decision by the Property Appraisal Adjustment Board.

It is evident from the foregoing, that the taxpayer who is aggrieved by the determination of the value of the property subject to the assessment has an opportunity to challenge the correctness of the appraisal under local law, but only within the time fixed by the statute. Of course, in the present instance, the taxes relate to those assessed for the years 1993, 1994, 1995, and 1996. The right of this Debtor to challenge its taxes assessed has long expired.

■ The speedy determination of the estate's liability for property taxes is a crucial and at times an indispensable component of

the reorganization process. In recognition of this fact, Congress enacted Section 505 of the Bankruptcy Code and granted broad power to the bankruptcy court to determine the estate's tax liability, whether or not previously assessed, and whether or not previously paid.

The provision set forth in this Section for the determination of the estate's tax liability is permissive and under certain conditions it would be appropriate for the bankruptcy court to defer this determination to the appropriate taxing authorities based on the applicable non–bankruptcy law. Thus, in instances where the debtor/taxpayer still has a remedy under the applicable local law, it would be appropriate to abstain and defer to the forums designated by local law to determine the correctness of the valuation *vel non* of the Tax Appraiser.

As noted earlier, this Debtor no longer has any remedies at the state level to seek a redetermination of the valuation of its property and, in turn, of the assessment and the amount of tax due. This brings into play the application of Section 505 of the Bankruptcy Code and in turn Section 505's continuing vitality in light of the United States Supreme Court's decision in *Seminole Tribe*.

Of course, the initial inquiry must be addressed to the threshold question which is whether or not the Motion filed by the Debtor pursuant to Section 505 of the Bankruptcy Code is, in effect, a suit against the State of Florida. This is so because if it is not, *Seminole Tribe* is not applicable and in turn, it is unnecessary to consider whether or not Section 505 is constitutional.

The Motion under consideration did not name the State of Florida as the Respondent, unlike the suit in *Seminole Tribe* which was filed against the State of Florida; the Motion does not seek any remedy from the State and requires no action from the State whatsoever; the Motion named only the Property Appraiser for the simple reason that the relief sought by the Motion is to reevaluate the property of the Debtor which was previously valued for the relevant years by the Property Appraiser.

This Court is not oblivious to the comments of the plurality in *Seminole Tribe* to the effect that the type of relief sought against the State is not relevant and that the 11th Amendment to the United States Constitution was not enacted solely for the purpose of barring any action in Federal court, actions which seek judgment and which must be paid out of the State's treasury. The plurality noted that the 11th Amendment was also designed to prevent the indignity of subjecting a state to the coercive process of Federal judicial tribunals at the instance of private parties. The Indian Gaming Regulatory Act (IGRA), § 3 (25 U.S.C. § 2702) was special legislation enacted pursuant the Commerce Clause of the Constitution designed to deal with the interest of a specific and discreet entity, i.e., the Indian tribes and their relationship with the States of the Union.

Section 505 of the Bankruptcy Code was enacted pursuant to Article I, Section 8 of the Constitution, which authorized Congress to enact uniform legislation on the subject of bankruptcy. The Bankruptcy Code enacted pursuant to this power was not designed to deal with the interests of specific identifiable entities, but was designed to deal with the adjustment of the relationship between debtors, creditors and security holders. Moreover, the Motion under consideration should not be viewed in a vacuum, but must be considered in conjunction with other important Bankruptcy Code provisions such as Section 502 (allowance of claims) and Section 506 (determination of secured status).

The procedures under Section 505 are clearly the heart and soul and an indispensable part of the administration of the estate under the Bankruptcy Code. By virtue of 28 U.S.C. § 157(b)(2)(B), it is uniquely within the competence of the bankruptcy court to allow or disallow claims, secured or unsecured. Clearly, no other forum, judicial or otherwise, is competent to make such a determination. In addition, the tax claims under consideration are secured claims by virtue of applicable state law, Fla. Stat. § 197.413, which provides a lien on property of a taxpayer to secure payment of taxes assessed against the property in question. It cannot be seriously contended that a bankruptcy court is without power to determine

the secured status, including a tax claim, pursuant to Section 506 of the Bankruptcy Code and that the determination of secured status would be barred by the 11th Amendment.

While this Court would readily agree that the Debtor, like any other taxpayer, should have sought a redetermination of the ad valorem taxes pursuant to the applicable local laws, in this instance, the Chapter 11 Debtor in Possession no longer has the opportunity to seek a redetermination. The Debtor, therefore, should be given the opportunity to seek redetermination of the value of the property in question and redetermination of the allowable amount of the tax claim in this reorganization case. To conclude otherwise would obviously frustrate the general policy of Congress that the rehabilitation of financially distressed debtors is an appropriate policy aim and in fact, without the availability of debtors to resort to Section 505, would seriously impact the ability of debtors to achieve rehabilitation. Having concluded that the Motion under consideration is not an action against the State and thus, is not barred by the 11th Amendment, it is unnecessary to consider Section 106, as amended in 1994, which specifically abrogated the doctrine of sovereign immunity.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment on Debtor's Motion to Determine Tax Liability with respect to Tax Collector is granted. Summary judgment is hereby entered in favor of the Pinellas County Tax Collector and against the Debtor. It is further

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment on Debtor's Motion to Determine Tax Liability with respect to Property Appraiser is denied and the matter shall be scheduled for pretrial conference before the undersigned in Courtroom C, 4921 Memorial Highway, Tampa, Florida, 33634, at 1:45 p.m. on May 23 1997 to determine matters relevant to the foregoing.