Justice Breyer,
concurring.
I join the Court’s opinion with one suggestion and two qualifications. Because watching the video footage of the car chase made a difference to my own view of the case, I suggest that the interested reader take advantage of the link in the Court’s opinion, ante, at 378, n. 5, and watch it. Having done so, I do not believe a reasonable jury could, in this instance, find that Officer Timothy Scott (who joined the chase late in the day and did not know the specific reason why the respondent was being pursued) acted in violation of the Constitution.
Second, the video makes clear the highly fact-dependent nature of this constitutional determination. And that fact dependency supports the argument that we should overrule the requirement, announced in Saucier v. Katz, 533 U. S. 194 (2001), that lower courts must first decide the “constitutional question” before they turn to the “qualified immunity question.” See id., at 200 (“[T]he first inquiry must be whether a constitutional right would have been violated on the facts alleged”). Instead, lower courts should be free to decide the two questions in whatever order makes sense in the context of a particular case. Although I do not object to our deciding the constitutional question in this particular case, I believe that in order to lift the burden from lower courts we can and should reconsider Saucier’s requirement as well.
Sometimes (e. g., where a defendant is clearly entitled to qualified immunity) Saucier’s fixed order-of-battle rule wastes judicial resources in that it may require courts to *388 answer a difficult constitutional question unnecessarily. Sometimes (e.g., where the defendant loses the constitutional question but wins on qualified immunity) that order-of-battle rule may immunize an incorrect constitutional ruling from review. Sometimes, as here, the order-of-battle rule will spawn constitutional rulings in areas of law so fact dependent that the result will be confusion rather than clarity. And frequently the order-of-battle rule violates that older, wiser judicial counsel “not to pass on questions of constitutionality . . . unless such adjudication is unavoidable.” Spector Motor Service, Inc. v. McLaughlin, 323 U. S. 101, 105 (1944); see Ashwander v. TVA, 297 U. S. 288, 347 (1936) (Brandeis, J., concurring) (“The Court will not pass upon a constitutional question although properly presented by the record, if there is also present some other ground upon which the case may be disposed of”). In a sharp departure from this counsel, Saucier requires courts to embrace unnecessary constitutional questions not to avoid them.
It is not surprising that commentators, judges, and, in this case, 28 States in an amicus brief have invited us to reconsider Saucier’s requirement. See Leval, Judging Under the Constitution: Dicta About Dicta, 81 N. Y. U. L. Rev. 1249, 1275 (2006) (calling the requirement “a puzzling misadventure in constitutional dictum”); Dirrane v. Brookline Police Dept., 315 F. 3d 65, 69-70 (CA1 2002) (referring to the requirement as “an uncomfortable exercise” when “the answer whether there was a violation may depend on a kaleidoscope of facts not yet fully developed”); Lyons v. Xenia, 417 F. 3d 565, 580-584 (CA6 2005) (Sutton, J., concurring); Brief for State of Illinois et al. as Amici Curiae. I would accept that invitation.
While this Court should generally be reluctant to overturn precedents, stare decisis concerns are at their weakest here. See, e. g., Payne v. Tennessee, 501 U. S. 808, 828 (1991) (“Considerations in favor of stare decisis” are at their weakest in eases “involving procedural and evidentiary rules”). The *389 order-of-battle rule is relatively novel, it primarily affects judges, and there has been little reliance upon it.
Third, I disagree with the Court insofar as it articulates a per se rule. The majority states: “A police officer’s attempt to terminate a dangerous high-speed car chase that threatens the lives of innocent bystanders does not violate the Fourth Amendment, even when it places the fleeing motorist at risk of serious injury or death.” Ante, at 386. This statement is too absolute. As Justice Ginsburg points out, ibid., whether a high-speed chase violates the Fourth Amendment may well depend upon more circumstances than the majority’s rule reflects. With these qualifications, I join the Court’s opinion.