DECISION
Before this Court is Bryan McManus's ("Defendant's") Motion to Dismiss.
 I Facts and Travel
On November 1, 2007, Defendant was pulled over by a police officer in the Town of West Warwick. Defendant was charged with refusing to submit to a breathalyzer test pursuant to G.L. § 31-27-2.1(2) ("the Refusal Statute"). On February 28, 2008, Defendant entered a plea of Nolo Contendere before the District Court in order to immediately appeal to the Superior Court. The case was transferred to the Superior Court the following day, but no further notice was sent and no further contact was made with Defendant until October 8, 2010. Once the case appeared in the Superior Court, Defendant filed a Motion to Dismiss based upon the extreme delay in the docketing of his case. Defendant also put forward arguments that the Refusal Statute violates his Constitutional right against self-incrimination, his Constitutional right to be free from *Page 2 
unreasonable searches and seizures, and his Constitutional right to due process. On November 17, 2010, this Court granted Defendant's Motion to Dismiss based on the egregious delay in docketing his case. This Court reserved its decision on the other constitutional issues presented. While this Court is reluctant to decide constitutional matters unless it is completely necessary, [1] those issues will be addressed in order to avoid the potential for piecemeal appeals to our Supreme Court.
 II Discussion A Defendant's Speedy Trial Argument
"Both the federal and state constitutions guarantee the right to a speedy trial for criminal defendants." State v. Oliveira,961 A.2d 299, 317 (R.I. 2008) (citing U.S. Const. Amend. VI, R.I. Const. art. 1, sec. 10). In order to assess whether a criminal defendant's trial was sufficiently speedy, this Court will use the same four-part test expounded by the United States Supreme Court in Barker v.Wingo, 407 U.S. 514 (1972). Id. The Court will balance four factors, considering: "(1) the length of time before trial, (2) the reasons for the delay, (3) the defendant's assertion of the right, and (4) prejudice to the defendant." Id. (citingBarker, 407 U.S. at 530). A delay of more than one year is presumptively prejudicial. Id. *Page 3 
Here Defendant's case was inexplicably delayed by more than thirty months. This addresses the first and fourth factors of theBarker test — a relatively simple case has languished somewhere between District and Superior Courts for two and one-half years; accordingly, Defendant is presumed to have been prejudiced. This Court's reading of Rhode Island case law indicates that the second factor — the reasons for the delay — amounts to a determination of which party is responsible for the delay, and whether the defendant has in any manner caused the delay he now hopes will exculpate him. See, e.g., State v.Crocker, 767 A.2d 88 (R.I. 2001); State v. Zmayefski,836 A.2d 191 (R.I. 2003). In the instant case, there is no indication that Defendant had any part in this extraordinary delay.
The State points to Zmayefski for the proposition that Defendant did not properly preserve his right to complain of the delay by not "knocking on the courthouse door and demanding a speedy trial." 836 A.2d at 194. However, Zmayefski dealt with a defendant who delayed his own trial by, inter alia postponing the case seven times because he was not prepared, failing to act on a detainer while he was incarcerated in Massachusetts, and seeking additional time to obtain new counsel. Id. at 195. Similar cases in which a criminal defendant failed to assert his speedy trial rights reveal a common factual thread — a defendant who plays a large part in the delay in bringing his case to trial cannot later claim that his right to a speedy trial was violated (see,e.g., Crocker, 776 A.2d), and a defendant who fails to raise the issue of a speedy trial until the last possible moment before trial is precluded from doing so. (See Oliveria,961 A.2d at 318). *Page 4 
In the instant case, because all of the Barker factors weigh in the Defendant's favor, this Court holds that State's case should be dismissed for violation of the Defendant's right to a speedy trial.
 B The Constitutionality of the Refusal Statute
Defendant also claims that the Refusal Statute under which he was charged is violative of his right against self-incrimination as guaranteed by the Rhode Island Constitution, as well as hisFourth Amendment right to be free from unreasonable search and seizure and his due process rights.
Defendant concedes that the federal privilege against self-incrimination extends only to testimonial evidence and not physical evidence, such as blood, hair or breath samples.Schmerber v. California, 384 U.S. 757 (1966). Defendant contends that this issue has not been addressed in Rhode Island, and that the wording of Article I, section 13 of the Rhode Island Constitution ("No person in a court of common law shall be compelled to give self-criminating evidence.") compels broader protection than is offered under the Bill of Rights. This contention is without merit. The issue was squarely addressed by our Supreme Court, which held that the Rhode Island Constitution offers the same degree of protection as its federal counterpart. "Both [the Rhode Island Supreme Court] and the United States Supreme Court have clearly established that the Fifth Amendment privilege against self-incrimination extends only to evidence that is testimonial or communicative in nature." State v. Alston,900 A.2d 1212, 1221 (R.I. 2006) (citing Schmerber,384 U.S. at 761; State ex rel. Widergren v. Charette,110 R.I. 124, 132, 290 A.2d 858, 862 (1972)). *Page 5 
The Defendant also argues that the Refusal Statute is unconstitutional in that it improperly punishes the exercise of his constitutional right — namely, the right to be free from an unreasonable search or seizure. The crux of Defendant's argument seems to be that the State cannot levy criminal sanctions[2]
against a defendant for refusing to submit to a breathalyzer test because the defendant has the constitutional right to so refuse. This Court finds that while Defendant's arguments may prove persuasive under a particular set of facts, they do not persuade this Court to find the Refusal Statute unconstitutional on its face.
"The taking of blood, breath, or urine samples from a suspect is a search and seizure under the Fourth Amendment and R.I. Const., art. I, s 6." State v. Locke,418 A.2d 843, 846-47 (R.I. 1980). Searches that are conducted without a warrant are per se unreasonable under aFourth Amendment analysis, subject to "a few well-delineated exceptions." State v. Portes, 840 A.2d 1131, 1136 (R.I. 2004). The exigent circumstances exception justifies warrantless searches when "evidence is likely to be lost, destroyed, or removed during the time required to obtain a warrant . . . "or where the police must act to "protect or preserve life or avoid serious injury."State v. Gonsalves, 553 A.2d 1073 (R.I. 1989) (quotingState v. Jennings, 461 A.2d 361 (R.I 1983)).
This Court agrees wholeheartedly with the Defendant's position that a criminal defendant has the constitutional right to be free from unreasonable searches and seizures. However, as even a cursory review of Rhode Island and federal constitutional case law reveals, not all warrantless searches are unconstitutional, and a criminal defendant does not have the right to be free from any and all warrantless searches and seizures. At the *Page 6 
same time, a police officer is not free to indiscriminately and whimsically demand that motorists submit to breathalyzer tests or face administrative and criminal sanctions. The proper balance between a police officer's need to compel a motorist to submit to a breathalyzer in certain circumstances, and the motorist's constitutional rights, has been struck by the statutory scheme which permits a police officer to administer a breathalyzer when the officer has "reasonable grounds to believe the person to have been driving a motor vehicle within this state while under the influence of intoxicating liquor. . . ." Section 31-27-2.1(a) (emphasis added). Defendant has not alleged that the police officer who pulled him over was without reasonable grounds to suspect him of driving him under the influence. Indeed, such an allegation would be premature, as no factual record has been made in this case. Therefore, the question of the constitutionality of the `reasonable grounds' threshold is not properly before this Court.
 III Conclusion
Defendant's Motion to Dismiss is GRANTED based on the violation of his right to a speedy trial. This Court declines Defendant's implicit request to rule the Refusal Statute unconstitutional on its face.
[1] "If there is one doctrine more deeply rooted than any other in the process of constitutional adjudication, it is that we ought not to pass on questions of constitutionality * * * unless such adjudication is unavoidable." Rhode Island Republican Party v.Daluz, 961 A.2d 287, 298 (R.I. 2008) (quoting Spector MotorService, Inc. v. McLaughlin,323 U.S. 101, 105 (1944) (Frankfurter, J.)).
[2] Here for a second offense.