JORDAN, Circuit Judge,
concurring.
I join in the judgment of the Court that Maple Shade Township is not liable under 42 U.S.C. § 1983 for passing the ordinance at issue here. However, I write separately because I would not proceed on this record to create a new precedential standard making the validity of a municipal ordinance under state law relevant to a Fourth Amendment inquiry. As the Majority notes (Op. at 99-101), Maple Shade’s public drunkenness ordinance, Maple Shade Township, N.J., Code § 142-2, has not been held invalid under New Jersey law and, to the contrary, can reasonably be read as being consistent with the state’s Alcoholism Treatment and Rehabilitation Act (“ATRA”), N.J. Stat. Ann. §§ 26:2B-6 to -9.3, -11 to -39 (West 2007). Therefore, accepting for purposes of argument that the plaintiffs contention concerning the validity of the ordinance is relevant to a Fourth Amendment analysis, we would still be hard-pressed to say that New Jersey law is such that Maple Shade could be found liable under § 1983.[1] The Majority acknowledges as much, and it is not necessary to go any further.
Thus, the question of whether the validity of a municipal ordinance under state law *102 is relevant to a Fourth Amendment inquiry is not one we need to address to resolve this case. Because the plaintiffs fundamental premise that the Maple Shade ordinance and ATRA are necessarily in conflict is unsound, we should simply point that out and affirm the District Court in a nonprecedential opinion. Cf. Pearson v. Callahan, 555 U.S. 223, 129 S.Ct. 808, 819, 172 L.Ed.2d 565 (2009) (“A constitutional decision resting on an uncertain interpretation of state law is ... of doubtful precedential importance.”); Spector Motor Serv., Inc. v. McLaughlin, 323 U.S. 101, 105, 65 S.Ct. 152, 89 L.Ed. 101, (1944) (“If there is one doctrine more deeply rooted than any other in the process of constitutional adjudication, it is that we ought not to pass on questions of constitutionality ... unless such adjudication is unavoidable.”); Egolf v. Witmer, 526 F.3d 104, 109-10 (3d Cir. 2008) (declining to address the merits of First and Fourth Amendment claims which turned on an unsettled state law question when another avenue for disposition was available, because “federal courts do a disservice to state actors who would be induced to rely on a ruling that might change altogether upon subsequent review by the state court”).

. The whole exercise of deciding what state law is and then having that be the basis of liability under § 1983 is suspect. The Majority accurately states that “ § 1983 provides a remedy for violations of federal, not state or local, law.” (Op. at 99.) Yet the Majority is creating a constitutional standard under which the Fourth Amendment reasonableness of an arrest turns on whether a local law is invalid for violating state, not federal, law. ”Th[at] constitutional standard would be only as easy to apply as the underlying state law, and state law can be complicated indeed.” Virginia v. Moore, 553 U.S. 164, 175, 128 S.Ct. 1598, 170 L.Ed.2d 559 (2008). It is true that the Majority frames its test in terms of “an arrest pursuant to a law that is unambiguously invalid ... on state law grounds” (Op. at 100), but deciding whether something is ambiguous or not is, ironically, easier said than done, and the very question of ambiguity will now mean that municipalities like Maple Shade are going to be subject to the expense of federal litigation more frequently. The Supreme Court has observed that “it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law.” Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 106, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). That observation is not without force when considering the actions of local governments and officials trying to comply with state law.