EASTERBROOK, Chief Judge,
concurring.
I agree with the majority that the judgment must be affirmed, but I do not think *660 it necessary or appropriate to discuss the confrontation clause of the sixth amendment. The evidence to which Walker and Logan objected is hearsay: out-of-court statements offered to establish the truth of the asserted propositions. It should have been excluded under Fed.R.Evid. 802, though the district court’s error was harmless. Yet in this court defendants do not stand on their rights under the Rules of Evidence. They present only a constitutional argument.
“ ‘If there is one doctrine more deeply rooted than any other in the process of constitutional adjudication, it is that we ought not to pass on questions of constitutionality ... unless such adjudication is unavoidable.’ Spector Motor Service, Inc. v. McLaughlin, 323 U.S. 101, 105, 65 S.Ct. 152, 89 L.Ed. 101 (1944). Before deciding the constitutional question, it was incumbent on [the district and appellate] courts to consider whether the statutory grounds might be dispositive.” New York City Transit Authority v. Beazer, 440 U.S. 568, 582, 99 S.Ct. 1355, 59 L.Ed.2d 587 (1979). A statutory ground of decision, Rule 802, is available here, and it is dispositive— against defendants, because it has been forfeited. Litigants cannot foist constitutional adjudication on a court by forfeiting a winning statutory argument. If my colleagues think that enforcing the forfeiture doctrine would be unjust under the circumstances, then they should relieve defendants of their forfeiture (which this court can do; defendants did not waive the hearsay objection) rather than use the forfeiture as the fulcrum for deciding a constitutional issue unnecessarily.
Rule 802 is significant for a second reason. It means that there cannot be a substantive problem under the confrontation clause. The Constitution says that every defendant has a right to be confronted by the witnesses against him, but not that he has a right to ignore the rules that implement this entitlement. In federal court, Rule 802 is the principal means by which confrontation is achieved. The sixth amendment does not authorize defendants to disregard the rules established for their protection and then insist that their rights have been violated.
There is a genuine constitutional issue only if the rules allow particular evidence to be admitted, and a litigant contends that these rules violate the Constitution. See, e.g., Rehman v. Gonzales, 441 F.3d 506, 508 (7th Cir.2006); see also Portillo-Rendon v. Holder, 662 F.3d 815, 817 (7th Cir.2011) (collecting authority). In cases such as Melendez-Diaz v. Massachusetts, 557 U.S. 305, 129 S.Ct. 2527, 174 L.Ed.2d 314 (2009), a state court received evidence that was admissible under the state’s rules, and the aggrieved litigant maintained that the rule violated the confrontation clause. Walker and Logan do not make such an argument; they do not contend that any of the Federal Rules of Evidence is deficient. Nor could they; the Rules offer more protection than the Constitution does.
Ringswald, the declarant, testified in Logan’s trial (though not Walker’s). “[W]hen the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements. See California v. Green, 399 U.S. 149, 162, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970).” Crawford v. Washington, 541 U.S. 36, 60 n. 9, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). So Logan does not have a serious claim under the sixth amendment — but he does have a good argument under Rule 802, which, unlike the confrontation clause, does not drop out of the picture just because the declarant testifies. None of the exceptions in Rules 803 or 807, which apply whether or not the declarant is available as a witness, covers the hearsay introduced at Logan’s *661 trial, and none of the subsections to Rule 801 puts the statements in question outside the scope of the hearsay rule.
Because defendants have not contended in this court that the admission of the evidence violates Rule 802, and do not argue that the Federal Rules of Evidence violate the confrontation clause, we should affirm the judgment without ado.