RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 19a0231p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

RICARDO TORRES,

*Plaintiff-Appellant*,

*v.*

No. 18-5850

PRECISION INDUSTRIES, INC.,

*Defendant-Appellee*.

Appeal from the United States District Court
for the Western District of Tennessee at Jackson.
No. 1:16-cv-01319—S. Thomas Anderson, District Judge.

Argued: March 21, 2019

Decided and Filed: September 6, 2019

Before: GRIFFIN, KETHLEDGE, and THAPAR, Circuit Judges.

_____

## COUNSEL

**ARGUED:** Steve Wilson, THE STEVE WILSON FIRM, Memphis, Tennessee, for Appellant. James L. Holt, Jr., JACKSON, SHIELDS, YESIER & HOLT, Memphis, Tennessee, for Appellee. **ON BRIEF:** Steve Wilson, THE STEVE WILSON FIRM, Memphis, Tennessee, Bryce Ashby, DONATI LAW, PLLC, Memphis, Tennessee, for Appellant. James L. Holt, Jr., Paula J. Jackson, JACKSON, SHIELDS, YESIER & HOLT, Memphis, Tennessee, for Appellee. Christopher Ho, Marisa Díaz, LEGAL AID AT WORK, San Francisco, California, for Amicus Curiae.

_____

## OPINION

_____

THAPAR, Circuit Judge. Federal courts are not in the business of answering hypothetical questions. Let alone hypothetical questions of constitutional law. In this case, the

district court held that Tennessee law was preempted.  But in doing so, the court skipped past the question whether state law had been violated in the first place.  Under well-established principles of constitutional avoidance, we decline to address the hypothetical presented by this appeal.  Accordingly, we vacate the district court's judgment.

To understand our decision, one need only know the procedural history of this case.  In 2016, Ricardo Torres sued his former employer, Precision Industries, alleging that the company had fired him for seeking benefits under Tennessee's Workers' Compensation Law.  Tenn. Code Ann. § 50-6-101 *et seq*.  The district court held a bench trial, during which Precision argued that it had not retaliated against Torres and that, even if it had, the Immigration Reform and Control Act of 1986 preempted any remedy because Torres had not been authorized to work in the United States.  Pub. L. No. 99-603, 100 Stat. 3359.  At the end of trial, the district court granted judgment to Precision on the preemption ground without making any factual findings as to the state law claim.  We review that decision de novo.  *See Kehoe Component Sales Inc. v. Best Lighting Prods., Inc.*, 796 F.3d 576, 585 (6th Cir. 2015).

As usual in cases about preemption, we start with the Constitution.  The Supremacy Clause provides that "[the] Constitution, and the laws of the United States which shall be made in Pursuance thereof . . . shall be the supreme Law of the Land . . . any Thing in the Constitution or laws of any state to the Contrary notwithstanding."  U.S. Const. art. VI, cl. 2.  In theory, the Clause may "only declare[] a truth, which flows immediately and necessarily from the institution of a Federal Government."  The Federalist No. 33, at 207 (Alexander Hamilton) (J. Cooke ed., 1961).  But in practice, it supplies an important "rule of decision," which instructs that courts "must not give effect to state laws that conflict with federal laws."  *Armstrong v. Exceptional Child Ctr., Inc.*, 135 S. Ct. 1378, 1383 (2015).  That rule has come to be known as the doctrine of preemption.

Over the years, the Supreme Court has constructed an elaborate preemption taxonomy: express versus implied; field versus conflict; impossibility versus obstacle.  *See, e.g.*, *Oneok, Inc. v. Learjet, Inc.*, 135 S. Ct. 1591, 1595 (2015).  Our decision, however, does not turn on any specific category of preemption, so we can cut straight to the chase.  The question (as presented

by the parties) is whether the Immigration Reform and Control Act preempts Tennessee law to the extent that state law provides unauthorized aliens with a remedy for retaliatory discharge.

But here's the problem: To answer that question, we would have to disregard several fundamental principles of judicial restraint. Federal courts have long refused to decide abstract, contingent, or hypothetical questions. *Ala. State Fed'n of Labor v. McAdory*, 325 U.S. 450, 461 (1945). Nor will they decide "questions of a constitutional nature unless absolutely necessary to a decision of the case" or "formulate a rule of constitutional law broader than is required by the precise facts to which it is to be applied." *Ashwander v. Tenn. Valley Auth.*, 297 U.S. 288, 347 (1936) (Brandeis, J., concurring) (internal quotation marks omitted). These principles, the Supreme Court has said, stem from the very limits on our power to decide cases and controversies. U.S. Const. art. III, § 2; *Rescue Army v. Mun. Court of L.A.*, 331 U.S. 549, 568–71 (1947). And they have since become "deeply rooted" in our constitutional tradition. *Spector Motor Serv. v. McLaughlin*, 323 U.S. 101, 105 (1944).

More to the point, these principles apply as much to a question of preemption as to any other question of constitutional law. Federal statutes do not preempt state law of their own force; rather, they do so as a result of the Supremacy Clause. *See, e.g.*, *Hillsborough Cty. v. Automated Med. Labs., Inc.*, 471 U.S. 707, 712 (1985); Caleb Nelson, *Preemption*, 86 Va. L. Rev. 225, 234 (2000). The Supreme Court has long recognized this fact. Almost two hundred years ago, the Court described preemption as an "application" of the Supremacy Clause. *Gibbons v. Ogden*, 22 U.S. (9 Wheat.) 1, 211 (1824). And more recently, the Court reiterated that preemption presents "the constitutional question" whether state and federal law "conflict." *Chi. & N.W. Transp. Co. v. Kalo Brick & Tile Co.*, 450 U.S. 311, 317 (1981) (quoting *Perez v. Campbell*, 402 U.S. 637, 644 (1971)). Simply put, courts hold preempted laws "unconstitutional" under the Supremacy Clause. *Crosby v. Nat'l Foreign Trade Council*, 530 U.S. 363, 388 (2000). So courts should not address a question of preemption if they can resolve the case on other grounds.

That makes sense. The power to hold laws unconstitutional is one of "great gravity and delicacy." *Ashwander*, 297 U.S. at 345 (Brandeis, J., concurring) (internal quotation marks omitted). No less so when courts question the "judgment" of state legislatures "concerning the

scope of their authority" under the Supremacy Clause. *Rescue Army*, 331 U.S. at 571; *see also* 3 Joseph Story, *Commentaries on the Constitution of the United States* § 441 (1st ed. 1833) (discussing the "delicate" question of "how far in the exercise of a concurrent power, the actual legislation of congress supersedes the state legislation"). For good reason, then, many of our sister circuits have applied avoidance principles to questions of preemption. *See, e.g.*, *La. Health Serv. & Indem. Co. v. Rapides Healthcare Sys.*, 461 F.3d 529, 532 & n.5 (5th Cir. 2006); *Qwest Corp. v. City of Santa Fe*, 380 F.3d 1258, 1267 n.7 (10th Cir. 2004); *Ehlis v. Shire Richwood, Inc.*, 367 F.3d 1013, 1019 (8th Cir. 2004); *BellSouth Telecomms., Inc. v. Town of Palm Beach*, 252 F.3d 1169, 1176 (11th Cir. 2001); *Bell Atl. Md., Inc. v. Prince George's Cty.*, 212 F.3d 863, 865 (4th Cir. 2000).

True, one circuit has taken a slightly different view. *See N.J. Payphone Ass'n, Inc. v. Town of West New York*, 299 F.3d 235, 239 n.2 (3d Cir. 2002). *But see id.* at 248 (Alito, J., concurring in the judgment) (noting that he would affirm on different grounds since the court should avoid the constitutional question of preemption).[1] That circuit pointed out that the Supreme Court has sometimes described preemption as primarily a question of statutory rather than constitutional interpretation. *See Swift & Co. v. Wickham*, 382 U.S. 111, 120 (1965). Of course, preemption cases require courts to engage in statutory interpretation. After all, a court must know what each law says before it can decide whether they conflict. *Perez*, 402 U.S. at 644. But that doesn't make preemption unique. Constitutional cases often turn on questions of statutory interpretation. *See, e.g.*, *United States v. Davis*, 139 S. Ct. 2319, 2327 (2019) ("So, while the consequences in this case may be of constitutional dimension, the real question before us turns out to be one of pure statutory interpretation."); *Gundy v. United States*, 139 S. Ct. 2116, 2123 (2019) (plurality opinion) ("[A] nondelegation inquiry always begins (and often almost ends) with statutory interpretation."). And even as the Court described preemption as primarily a question of statutory interpretation, it still made clear that the doctrine ultimately "rest[s] on the Supremacy Clause of the Federal Constitution." *Swift*, 382 U.S. at 125; *see also*

---

[1]Truth be told, this apparent circuit split may be illusory. *See NUI Corp. v. Kimmelman*, 765 F.2d 399, 403 (3d Cir. 1985) (applying constitutional avoidance to question of preemption); *see also Deutscher Tennis Bund v. ATP Tour Inc.*, 480 F. App'x 124, 126–27 (3d Cir. 2012) (per curiam) (same).

*Hagans v. Lavine*, 415 U.S. 528, 533 n.5 (1974) ("[*Swift*] itself recognized [that a preemption claim] cannot succeed without ultimate resort to the Federal Constitution . . . .").

The Supreme Court also treats preemption as "statutory" in the sense that it will decide a preemption claim before addressing other constitutional issues in the case. *Douglas v. Seacoast Prods., Inc.*, 431 U.S. 265, 272 (1977) (internal quotation marks omitted). It does so because Congress can override a preemption decision. *See id*. at 272 n.6. But again, the Court made clear that preemption is "basically constitutional in nature, deriving its force from the operation of the Supremacy Clause." *Id*. at 272; *see also Hagans*, 415 U.S. at 549 (noting that, "although denominated 'statutory,' [preemption] is in reality a constitutional claim arising under the Supremacy Clause"). And that Congress can override a judicial decision does nothing to change the decision's constitutional basis. *Cf. South Dakota v. Wayfair, Inc.*, 138 S. Ct. 2080, 2096–97 (2018); *see also N.J. Payphone Ass'n*, 299 F.3d at 249 (Alito, J., concurring in the judgment) (noting that preemption "clear[ly]" presents "a constitutional issue" for purposes of constitutional avoidance). Nor does the Court's practice of deciding preemption claims before other constitutional claims resolve whether courts should decide preemption claims before other *non-constitutional* claims. In sum, courts should not decide a question of preemption if they can resolve the case on non-constitutional grounds.

As applied here, that principle is straightforward. The parties presented the district court with at least two grounds for resolving this case. The court could find that Precision had not retaliated against Torres in violation of Tennessee law. Or it could hold that federal law preempted state law. After a full bench trial, the district court chose the latter, constitutional ground. And in doing so, the district court erred. *See, e.g.*, *Schmidt v. Oakland Unified Sch. Dist.*, 457 U.S. 594, 594–95 (1982) (per curiam); *Miami Univ. Associated Student Gov't v. Shriver*, 735 F.2d 201, 203–05 (6th Cir. 1984). Indeed, to hold otherwise would "require us to resolve a constitutional question that may be entirely hypothetical" as applied to the facts of this case. *Ticor Title Ins. Co. v. Brown*, 511 U.S. 117, 118 (1994) (per curiam).

On remand, the district court should decide whether Precision violated Tennessee law. If the answer is no, then neither the district court nor our court will need to address the question presented by this appeal. If the answer is yes, however, then the district court will also have to

determine the appropriate remedy. The court should decide what remedies are available under Tennessee law before resolving whether federal law preempts any of those remedies. That sequence will allow the district court to "formulate a rule of constitutional law [no] broader than is required by the precise facts to which it is to be applied." *Ashwander*, 297 U.S. at 347 (Brandeis, J., concurring) (internal quotation marks omitted). Constitutional avoidance requires nothing less.

*** 

We vacate the district court's judgment and remand the case for further proceedings consistent with this opinion.