In the

# United States Court of Appeals
## For the Seventh Circuit

---

No. 18-1250

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JOSUE VARGAS,

*Defendant-Appellant.*

---

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 14 CR 579 — **Charles R. Norgle**, *Judge.*

---

ARGUED NOVEMBER 6, 2018 — DECIDED FEBRUARY 5, 2019

---

Before WOOD, *Chief Judge*, and EASTERBROOK and KANNE, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* Convicted of two cocaine offenses, 21 U.S.C. §841(a)(1), Josue Vargas has been sentenced to 72 months' imprisonment. His principal appellate argument is that the district judge should have suppressed packages of that drug seized from his truck.

Vargas rented a parking place for his truck in a lot that lacked assigned spaces. Agents in Ohio arrested Luis Hueter as he transported three kilograms of cocaine that, Hueter asserted, he had purchased from Vargas the day before at his parked truck. Hueter described Vargas, the truck, and the lot. They immediately called agents in Illinois, who entered the lot by following someone through the gate. Approaching a truck that met Hueter's description, the agents in Chicago sent a photo to the agents in Ohio; Hueter identified the truck as Vargas's. A dog was called in and alerted to the odor of drugs. Agents then broke a window of the truck, opened the door, and found eight more kilos of cocaine.

Vargas contends that the agents' and the dog's entry into the lot violated his rights. He does not say that it was improper to break into the truck without a warrant; by the time the agents did this they had probable cause, based on Hueter's statements plus confirmation (from the photo and the dog) that they had the right truck. But, citing *Florida v. Jardines*, 569 U.S. 1 (2013), and *United States v. Jones*, 565 U.S. 400 (2012), Vargas observes that an invasion of property is as much within the Fourth Amendment as an invasion of privacy, and he insists that when the agents entered the lot they lacked probable cause—and a parking lot is not a vehicle, so the agents could not benefit from the automobile exception to the warrant requirement.

The argument is a dud, because Vargas neither owned the parking lot nor had a leasehold interest in any particular part of it. Vargas was entitled to park his truck in any open space but not to exclude anyone else. Many other people also parked there, and each could admit third parties. This is why agents normally do not need probable cause or a war-

rant to enter the vestibule of a multi-tenant building. See *United States v. Correa*, 908 F.3d 208, 221–22 (7th Cir. 2018).

The only person whose property interest the agents invaded was the lot's owner, who isn't complaining—and at all events an invasion of the owner's property (or privacy) rights would not entitle Vargas to any remedy. Rights under the Fourth Amendment are personal; only someone whose own rights have been transgressed is entitled to relief. See, e.g., *United States v. Payner*, 447 U.S. 727 (1980); *United States v. Sweeney*, 821 F.3d 893, 900 (7th Cir. 2016). No more need be said about the search and seizure.

All of Vargas's remaining arguments concern the conduct of the trial. According to Vargas, the judge upbraided his lawyer more often (and more sternly) than the prosecution's lawyer and erred in admitting or excluding evidence. The district court considered and rejected these arguments when denying Vargas's motion for a new trial. 2016 U.S. Dist. LEXIS 99021 (N.D. Ill. July 27, 2016). Vargas hopes that we will find the contentions stronger than did the district judge.

Vargas presents almost all of his argument in constitutional terms, asserting that the judge violated the Due Process Clause of the Fifth Amendment. He mentions Fed. R. Evid. 613 but in the main ignores both the Federal Rules of Evidence and the Federal Rules of Criminal Procedure. He does not maintain that any of these rules is unconstitutional to the extent it allowed the judge to proceed as he did; instead Vargas bypasses the rules in favor of the Constitution. Nor does he contend that the judge transgressed any supervisory rule laid down by the Supreme Court or by this court. It is, for him, the Constitution or nothing (the invocation of Rule 613 is so cursory that we need not discuss it), and the

Constitution at a high level of generality rather than any concrete rule of criminal procedure to be found in the Confrontation Clause or anywhere else.

This is a hopeless strategy, because courts are obliged to consider statutory and rule-based arguments ahead of constitutional ones. See, e.g., *New York Transit Authority v. Beazer*, 440 U.S. 568, 582–83 (1979). "Lawyers all too often invoke the Constitution as if it were a panacea and bypass seemingly mundane arguments based on statutes and regulations. Mimicking Gresham's Law, flabby constitutional generalities drive out sound legal points." *Magala v. Gonzales*, 434 F.3d 523, 526–27 (7th Cir. 2005). "Why counsel should start with the Constitution rather than the statutes and regulations that govern [these] proceedings is beyond us. Non-constitutional arguments always come first; constitutional contentions must be set aside until their resolution is unavoidable." *Rehman v. Gonzales*, 441 F.3d 506, 508 (7th Cir. 2006). "Before taking up a constitutional issue, a federal court should satisfy itself that there is no available non-constitutional ground of decision." *There to Care, Inc. v. Commissioner of the Indiana Department of Revenue*, 19 F.3d 1165, 1167 (7th Cir. 1994) (citing *Spector Motor Service, Inc. v. McLaughlin*, 323 U.S. 101, 105 (1944)). See also *Brockett v. Spokane Arcades, Inc.*, 472 U.S. 491, 501 (1985).

We illustrate this by considering one of Vargas's evidentiary arguments—the strongest one, as it seems to us, but one on which he has missed critical points.

During discovery, Vargas asked the prosecutor to identify any expert witnesses and describe the nature of the experts' testimony. The prosecution made a reciprocal demand. One potential witness identified by the prosecution

was Joseph Raschke, who would testify about how information from cell towers could be used to locate Vargas and Hueter on the critical days. After the parties agreed to a stipulation about cell-site evidence, the prosecution told the judge that it would not call Raschke as a witness in its case-in-chief. When Vargas tried to call Raschke in his own case, the prosecutor objected, because Vargas had not disclosed Raschke as an expert for the defense or described the subjects of his testimony. The judge sustained the objection. Vargas now asserts that this was absurd—after all, the prosecutor had to know what Raschke would have said on the stand—and that absurd decisions must be unconstitutional.

Whether the judge erred depends not on the Due Process Clause but on Fed. R. Crim. P. 16(b)(1)(C), which provides that at the prosecution's request any defendant who has made an equivalent demand for expert disclosure must "give to the government a written summary of any testimony that the defense intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence … . This summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications". Vargas did not do this about Raschke; the omission is why the district judge barred Vargas from calling Raschke at trial. And unless the defense plans to call an expert, already designated by the prosecution, for *exactly* the matters covered in the prosecutor's disclosure, it can't be called absurd (let alone unconstitutional) for the judge to enforce the Rule as written. Rule 16(b)(1)(C) thus sinks Vargas's appellate argument unless courts have read this Rule, despite its text, as inapplicable to defendants who want to call witnesses already disclosed by the prosecutor.

We could not find any decision holding that disclosure of an expert by the prosecutor relieves the defense of a duty to provide its own disclosure, if the defense wants to call that expert. Nor could we find any decision in the other direction (that is, we couldn't find any decision holding that disclosure by the defense relieved the prosecutor of its duty to disclose the testimony that the same expert would give if called by the prosecutor). The Rule is designed to ensure that each side knows what an expert's testimony would cover. See, e.g., *United States v. Bresil*, 767 F.3d 124, 127 (1st Cir. 2014); *United States v. Barile*, 286 F.3d 749, 758 (4th Cir. 2002). The possibility that one side will take an expert in a direction different from the other side's planned destination affords a good reason why each must identify the potential "witness's opinions, the bases and reasons for those opinions", no matter what the other side has disclosed.

Vargas has not addressed any of these subjects, because his brief does not mention Rule 16. When asked why at oral argument, Vargas's counsel asserted that no one pays any attention to this Rule, so he did not need to bother. That is a staggering assertion. The prosecutor paid attention; that's why an objection was made. The district judge enforced Rule 16 by sustaining the objection. And we enforce rules by insisting that counsel address rather than ignore them. "There is no general constitutional right to discovery in a criminal case, and *Brady* [*v. Maryland*, 373 U.S. 83 (1963)] did not create one; as the Court wrote recently, 'the Due Process Clause has little to say regarding the amount of discovery which the parties must be afforded … .' *Wardius v. Oregon*, 412 U.S. 470, 474 (1973)." *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). Sanctions for violating discovery rules also generally are matters for the rules or statutes. See *Michigan v. Lucas*, 500

U.S. 145 (1991) (judge entitled to exclude evidence after defense failed to comply with a notice obligation). Only close attention to Rule 16 might have offered Vargas a chance to prevail.

None of Vargas's other arguments requires discussion. We agree with him that the district judge should have been more even-handed (at least when the jury could overhear his admonitions to defense counsel), but neither on that subject nor any other did the judge violate the Due Process Clause, which in criminal cases deals with only egregious transgressions of trial rules and decorum. *Donnelly v. DeChristoforo*, 416 U.S. 637 (1974).

AFFIRMED