**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 9, 2019[*]
Decided May 9, 2019

*Before*

JOEL M. FLAUM, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 18-2573

| | |
|---|---|
| MARYAM E. MUHAMMAD, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 15-cv-41-wmc |
| BEVERLY LOUIS and TOM CONRAD, *Defendants-Appellees*. | William M. Conley, *Judge*. |

**O R D E R**

Maryam Muhammad lost her federally funded rental assistance after she failed to attend a benefits-termination hearing that had been rescheduled at her request. She has sued two administrators of the program, accusing them of violating her right to due process under the Fourteenth Amendment. *See* 42 U.S.C. § 1983. The district court entered summary judgment for the defendants. Because the undisputed evidence shows that the administrators followed all applicable rules, and the constitutional

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

validity of those rules is not questioned, the administrators did not offend due process. Therefore, we affirm.

Muhammad received housing-assistance vouchers from the Community Development Authority of the City of Madison. The Authority contracts with the United States Department of Housing and Urban Development to operate a rent-assistance program under Section 8 of the Housing Act of 1937 (codified as amended at 42 U.S.C. § 1437f(o)). Under the program, a voucher recipient pays 30% of her income toward rent, and the Authority pays the balance to the lessor.

The Authority stopped providing benefits to Muhammed in 2014. In August of the preceding year, Beverly Louis, an administrator with the Authority, notified Muhammad that the Authority planned to end her benefits because she failed to report her unemployment compensation in violation of 24 C.F.R. § 982.551(b). The notice informed Muhammad that she could request an informal hearing to contest that decision, examine the Authority's evidence ahead of time, present her own evidence, and receive a written decision. Under the Authority's rules, once it scheduled a hearing, Muhammad could request a new date only for "good cause." If she did not appear at the hearing and did not ask to reschedule it in advance, she likewise had to supply good cause for her failure to appear.

Muhammad requested a hearing. Tom Conrad, a program supervisor, was responsible for scheduling it. Before it occurred, Muhammad agreed with Conrad to repay the Authority $5,184 for her unreported unemployment benefits in order to keep receiving assistance. But she reneged on the agreement. This resulted in another notice to Muhammad that the Authority was ending her benefits, this time because she breached the repayment agreement and because of her earlier infractions. *See* 24 C.F.R. § 982.552(c)(1)(i), (viii). The notice again informed Muhammad of her right to a hearing, which she again requested. Conrad scheduled it for February 12, 2014. Muhammad replied that she needed a date in mid-March. She supplied a note from her doctor, who wrote that Muhammad needed more time to prepare for the hearing because she "has many chronic medical diseases and spends much time on her medical care."

Conrad accommodated Muhammed's request for a hearing in mid-March. He proposed March 19. Muhammad responded that she had a doctor's appointment that day. Conrad requested proof, which Muhammad refused to provide, instead directing him to her attorney. Conrad emailed the attorney, stating that the hearing would be March 18—one day before Muhammad's March 19 doctor's appointment. Muhammad

then informed Conrad that the attorney did not yet represent her. So Conrad notified Muhammed directly that the hearing was set for March 18. This notice (like the earlier ones) warned: "Failure to appear within 15 minutes of the scheduled time could result in you forfeiting your right to an Informal Hearing."

Muhammad did not appear for the March 18 hearing and lost her benefits. The Authority explained that she had forfeited her right to a hearing, and under its rules, it could excuse her absence only for good cause, but she offered none. She challenged that decision in state court, lost, appealed the loss, and lost again. Seven months after she had failed to appear for her hearing, Muhammad's doctor sent the Authority a letter. It stated that she had missed the March 18 hearing because of an appointment.

This suit came next. Muhammad sued Louis and Conrad for violating her right to due process by scheduling the hearing on a day that she was unavailable and not excusing her absence. The defendants moved to dismiss the suit based on claim preclusion, but the court denied that motion. (The defendants have not challenged this point on appeal, so we do not address it.) The court later entered summary judgment for the defendants, ruling that a reasonable jury could not conclude that they had violated Muhammad's due process rights because they complied with all applicable regulations.

On appeal, Muhammad maintains that the Authority ended her benefits without affording her due process. She concedes that she received notice that the Authority intended to terminate her benefits and that she could contest that decision at an informal evidentiary hearing. *See* 24 C.F.R. §§ 982.552, 982.555; *Goldberg v. Kelly*, 397 U.S. 254, 268–69 (1970). Also, she does not contend that any of the rules and regulations governing the defendants are unconstitutional. Instead she argues that, because she had a doctor's appointment on March 18, a jury could find that she supplied good cause for missing her hearing; therefore the Due Process Clause required that the defendants accept her excuse.

The record supports the district court's rejection of Muhammad's due process claim and entry of summary judgment for the defendants. We must consider statutory and rules-based arguments before constitutional ones; if the statutes and rules were respected, and if (as Muhammad concedes) those statutes and rules are constitutional, then constitutional issues are avoided. *See United States v. Vargas*, 915 F.3d 417, 420 (7th Cir. 2019). Thus, whether the defendants violated her rights "depends not on the

Due Process Clause," *see id.*, but on the non-constitutional authority of the statutory and regulatory procedures for terminating rental benefits.

Muhammad may use 42 U.S.C. § 1983 to enforce her rights as a voucher recipient, *Wright v. City of Roanoke Redevelopment & Hous. Auth.*, 479 U.S. 418, 425 (1987), but the defendants respected them. Under 24 C.F.R. § 982.54, program administrators must adopt an administrative plan to regulate the termination of benefits. The Authority's plan, whose constitutional validity is unquestioned, provides that voucher recipients who fail to notify the Authority that they will miss a hearing must show good cause for the failure or they forfeit their right to a hearing. The note from Muhammad's doctor came more than seven months after the hearing, and Muhammad does not attempt to explain the substantial belatedness of her proffered excuse. An unjustifiably tardy explanation for tardiness is not good cause. *Cf. Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011) (observing that an untimely explanation for delay was not "good cause" under FED. R. CIV. P. 16(b)(4) to file a late pleading). Because Muhammad points to no evidence suggesting any other due-process problem, her constitutional attack fails. *See Vargas*, 915 F.3d at 420–21.

We have considered Muhammad's other arguments, and none (including the new arguments raised for the first time in her reply brief) has merit. Based on the foregoing, we also DENY Muhammad's motion for recruitment of counsel.

AFFIRMED